W. S. PERSINGER, APPELLANT, VS. C. BEVILL AND MARY BEVILL, HIS WIFE, APPELLEES.

Where one executed and delivered an instrument of writing under seal to another, and thereby promised to pay to that other, his associates or assigns on demand $500 for the purpose of aiding in the construction of a railroad, upon the express condition that said road should be graded and crossties laid thereon ready for the iron, and made ready for the operation of trains on or before a certain day, recovery can not be had upon said instrument, unless the road was graded and crossties laid thereon ready for the iron and made ready for the operation of trains, within the stipulated time.

Appeal from the Circuit Court for Sumter county.

The facts in the case are stated in the opinion of the court.

*J. C. Langley* for Appellant.

*Hocker & Mabry* for Appellees.

(Judge Malone, of the Second Circuit, sat in the place of Mr. Justice Mabry, who was disqualified.)

MALONE, Circuit Judge:

The appellant filed his bill against the appellees on the 25th day of January, A. D. 1887, in the Circuit Court for Sumter county, Fifth Judicial Circuit of Florida, to foreclose a mortgage which had been previously executed and delivered to him and one B. E. Grace, by the appellees, to secure an instrument of writing of which the following is a copy, *viz :* $500.00. On demand, I promise to pay to W. S. Persinger and

B. E. Grace, their associates or assigns, the sum of five hundred dollars, for the purpose of aiding in the construction of a railroad line from the town of Sumterville, Florida, to some convenient point on the line of the F. R. & N. railroad near said town ; said sum to be paid as follows, to-wit:   One-half thereof when the said road is graded and crossties laid thereon ready for the iron, and the balance of said amount to be paid when said road is ready for trains to pass over the same.   This note is executed upon the express condition, that said road be ready for the operation of trains on or before the first day of July, 1886.   Witness my hand and seal this 7th day of Nov., 1885.

C. BEVILL.     [SEAL.]

The appellant alleges in his bill, among other things, that after the execution and delivery of said instrument of writing and deed of mortgage to him and B. E. Grace, the latter transferred and assigned all his right, title and interest therein to the appellant and withdrew from the enterprise of building said railroad from Sumterville to some convenient point on the F. R. & N. railroad, and the building thereof devolved upon the appellant, who surveyed a route from Sumterville to a near and convenient point on the F. R. & N. railroad about two miles from Sumterville, cut the right of way, graded and put down the crossties on said railroad ready for the iron, on or before the first day of June, 1886, and then demanded of C. Bevill the payment of $250 on said instrument of writing, but he refused to pay it ; that appellant persevered in the building of

said railroad, notwithstanding the failure of said C. Bevill to pay said money, and had it ready for the operation of trains on the first day of September, 1886, and then demanded of C. Bevill the payment of the said instrument of writing, but he failed and refused to pay it.

The appellees filed their answer to said bill on the second day of May, 1887, and therein admitted the execution and delivery of said instrument of writing and deed of mortgage, as stated in the bill, but alleged that C. Bevill was induced to execute the said instrument of writing upon the verbal promise of B. E. Grace that he would furnish him the money to pay it when it matured, at eight per cent. interest, and on as long time as he might want it. They denied that said road was ready for the operation of trains on or before the first day of July, 1886, and that crossties were laid thereon by that date ready for the iron, and that neither one-half of said sum of $500, nor the whole thereof, ever at any time was due and payable on said instrument of writing, and alleged that appellant did not have said road ready for the operation of trains by the first of July, 1886, or grade and lay the crossties thereon ready for the iron by that date, and that by reason of his failure to have said road ready for the operation of trains on or before that date, the said instrument of writing became null and void. They also deny that appellant demanded payment of. C. Bevill, as stated in the bill.

The appellant filed a general replication to said answer on the first day of June, 1887

The case was brought to a hearing on the pleadings and evidence taken therein, and the judge granted a decree on the third of April, 1890, dismissing the suit at appellant's cost.

The petition of appeal assigns this decree as error.

A proper construction of the instrument of writing, which is secured by the mortgage sought to be foreclosed, will determine the correctness of the decree of which the appellant complains. It will be observed that this instrument of writing was executed and delivered to the appellant and B. E. Grace for the purpose of aiding them in the construction of a railroad from the town of Sumterville, in Florida, to some convenient point on the line of the F. R. & N. railroad, near said town, and contained the following condition, *viz.* : "This note is executed upon the express condition that said road be ready for the operation of trains on or before the first day of July, 1886." The single question here presented is whether by the true and rational construction of this contract it was agreed and intended by the parties thereto that the doing of the work within the time prescribed therein, was a condition on which the obligation of C. Bevill to pay the amount mentioned in said contract was to depend: or, in other words, whether time was an essential part of said contract. It is a sound rule of construction that a condition introduced into a contract shall be deemed to have been inserted for some purpose, and that the purpose was not to leave the rights of the parties as they would have been had no such condition existed. Apply this rule of con-

struction to the contract under consideration, and it will be perceived that the only change which this condition makes in the rights of the parties, is to make the liability of C. Bevill to pay the sum of money mentioned in the contract dependent upon the road being ready for the operation of trains within the time stipulated therein. This contract then was not an absolute promise for the payment of money when the road was ready for the operation of trains, but was a conditional promise for the payment of money, provided the road was ready for the operation of trains by the time stipulated. Its very existence depended upon a contingency, *viz:* That the road was ready for the operation of trains on or before the first of July, 1886. Its phraseology is unambiguous, and clearly indicates that the parties thereto intended that time should be an essential part of it. Consequently the construction of the road by having it graded and crossties laid thereon and making it ready for the operation of trains on or before the first day of July, 1886, was a condition precedent to the liability of C. Bevill to pay the sum of money mentioned in the instrument of writing.

Parties have the right to make their contracts so as to suit their mutual convenience and interests, and when the courts can ascertain their meaning, they should construe the contract so as to give effect to the meaning, provided the purpose be lawful. Cunningham vs. Morrell, 10 Johnson, 203. It is admitted by the appellant both in his bill and testimony that the road was not ready for the operation of trains on the-

first day of July, 1886, and the testimony shows that the crossties were not laid thereon by that date. Consequently the condition upon which C. Bevill promised to pay the sum of $500 mentioned in the instrument of writing never happened, and his liability to pay it never became absolute, and the appellant can not recover it. Myron vs. Carter, 4 Car. & Payne, (19 Eng. Com. Law), 295; Slater vs. Emerson, 19 Howard (U. S.), 224; Cincinnati, S. & C. R. Co. vs. Bensley, (Cir. Ct. App.), 51 Fed. Rep., 738.

The conclusion we have reached as to the proper construction of this contract disposes of the case and renders a decision upon other questions discussed in the briefs of counsel unnecessary.

The decree of the Circuit Court is hereby affirmed.