ALBERT K. LEON, B. FRANK MANIER, JR., AND CROMWELL GIBBONS, *Plaintiffs in Error,* v. ALICE M. KERRISON, *Defendant in Error.*

1. A demurrer is properly overruled to a count in a declaration for conversion, which follows the form laid down in paragraph 25, section 1058 of the Revised Statutes.

2. When, in a count of a declaration based on a contract under seal, it does not appear either from the contract which is set out *ipsissimis verbis* in the count, or from the allegations of the count, that the plaintiff was a party to the contract or that it was made for her benefit or on her behalf, a demurrer to the said count on the ground that it shows no right of action against the defendants on behalf of the plaintiff, should be sustained.

3. Parol testimony is admissible to prove the ownership of a boat.

4. A letter from the engineering company which repaired the boat for the conversion of which the suit is brought, addressed to J. D. Kerrison demanding payment for the repairs, and a note made thereon by Kerrison stating his views of the lia-

bility of the defendants for the repairs, and letters from one of the defendants to the attorney of the plaintiff, replying to letters of the latter, which are not a part of the record, dealing with an agreement made subsequently to the date of the contract sued on, for the purchase of the boat, are irrelevant and incompetent evidence.

5. It is erroneous to reject testimony which tends to prove a plea upon which issue was joined, setting up a material defense.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court of Duval county.

### Statement.

The defendant in error sued the plaintiffs in error in Circuit Court of Duval county. The declaration is as follows: 1. The plaintiff, Alice M. Kerrison, by D. U. Fletcher, her attorney, sues Albert K. Leon, B. Frank Manier, Jr., and Cromwell Gibbons, for that whereas the defendants converted to their own use, and wrongfully deprived the plaintiff of the use and possession of the plaintiff's goods, that is to say, one steam yacht, called the "Artesia," of the burden of thirty tons or thereabouts, with all the appurtenances, tackle, apparel and furniture to the same belonging, all of the value of five thousand dollars ($5000.00), to the plaintiff's damage of five thousand dollars ($5000.00), and plaintiff claims five thousand dollars.

2. And plaintiff further sues the defendants for that whereas, to-wit: on May 25, 1899, plaintiff was the owner of certain property, that is to say, one steam yacht called the "Artesia," of the burden of thirty tons or thereabouts, with her appurtenances, tackle, apparel and furniture of the value of five thousand dollars and the said property being then in the custody and possession of one J. Davenport Kerrison; the defendants with said J. Davenport Kerrison executed their certain contract of charter and hiring of

said property in words and figures following, to-wit: "These articles of agreement made and entered into this 25th day of May, A. D. 1899, by and between J. Davenport Kerrison, master and part owner of steam yacht 'Artesia,' of the county of Duval, State of Florida, party of the first part, and Cromwell Gibbons, A. K. Leon and B. F. Manier, Jr., of the county of Duval and State of Florida, parties of the second part, witnesseth: That the party of the first part has this day chartered and hired unto the parties of the second part, the steam yacht 'Artesia,' of the City of Jacksonville, Florida, and of the burden of thirty tons or thereabouts, with all the appurtenances, cables, anchors, chains, etc., which belong to the said steam yacht, for the term of one year from the 25th day of May, 1899, said vessel to be delivered at the port of Jacksonville, Florida, by the said party of the first part to the said parties of the second part.

For the use of the said steam yacht, the said Cromwell Gibbons, A. K. Leon and B. F. Manier, Jr., hereby agree and bind themselves to pay to the said J. Davenport Kerrison one dollar ($1.00).

And it is further understood that the said Cromwell Gibbons, A. K. Leon and B. F. Manier, Jr., shall be at all the expense of repairing, manning and otherwise furnishing said steam yacht, for the period above stated, and shall return the same to the said J. Davenport Kerrison in as good condition as it is now, with the exception of ordinary wear and tear, and the possible damage resulting from bad weather.

In witness whereof, the said parties to this agreement have hereunto set their hands and seals this 25th day of May, A. D. 1899, in duplicate.

(Signed)   J. D. KERRISON      ' (Seal)
Witnesses:              A. K. LEON             (Seal)
J. D. COLE.              CROMWELL GIBBONS (Seal)
B. W. McAULEY.          B. F. MANIER     (Seal)."

And the plaintiff says that the said J. Davenport Kerrison, under the terms and provisions of said contract of

charter and hiring, then and there delivered said property to said defendants, and defendants received and accepted the same under the terms and provisions of said contract of charter and hiring. And the plaintiff says that defendants did not, at the expiration of one year from the 25th day of May, 1899, return said property or any part thereof to the said J. Davenport Kerrison, or to the plaintiff, but have wholly failed and refused so to do, though return of the same has been often demanded to plaintiff's damage of five thousand dollars. And the plaintiff claims $5000.00 damages.

The defendants' demurred to both counts of the declaration, among the grounds of demurrer to the second are the following: that the contract sued on shows no contractual relation between the plaintiff and defendants, and shows no right of action against the defendants on behalf of the plaintiff.

The demurrer was overruled, and this ruling is assigned as error.

Eight pleas were filed upon all of which issue was joined, a trial was had and a verdict and judgment were entered for the plaintiff against the defendants. From this judgment a writ of error was sued out from this court.

There are eleven assignments of error.

*Gibbons & Maxwell* for plaintiffs in error.

No appearance for defendant in error.

HOCKER, J. (*after stating the facts*).—There was no error in overruling the demurrer to the first count of the declaration as it follows the form for a count for conversion laid down in paragraph 25, section 1058, Revised Statutes.

As to the second count it is evidently based on the contract under seal, made by the defendants with J. Davenport Kerrison. It does not appear from the contract or from the allegations of the count, that the plaintiff was

a party to the contract or that it was made for her benefit, or on her behalf. This count, therefore, shows no right of action of the plaintiff against the defendants upon this contract. Dicey on Parties to Actions, 12; 15 Ency. Pl. & Pr., 504 to 517, inclusive. As to whether the plaintiff can, under any circumstances, sue on this written contract under seal, and contradict the statement therein as to the part ownership of J. Davenport Kerrison, we do not feel called upon to decide.

There are several assignments of error based on rulings of the court upon the admission or rejection of evidence and upon charges given and refused.

The second, third and fourth assignments are based on the admission of the parol testimony of J. D. Kerrison proving ownership of the boat in the plaintiff. The contention of the plaintiffs in error is that this parol evidence was not the best evidence, and that ownership can only·be shown by a bill of sale. We do not think the contention tenable. 22 Am. & Eng. Ency. Law (1st ed.) 735 *et seq.;* 25 Am. & Eng. Ency. Law (2nd ed.) 872 *et seq.*

The fifth assignment of error is based on the admission in evidence over the objections of defendants of a letter of the Merrill-Stevens Engineering Company to Prof. J. D. Kerrison, dated July 21st, 1899, and a note made therein by J. D. Kerrison and of two letters of Cromwell Gibbons to Judge H. B. Philips, attorney for plaintiff, one dated September 20th, 1899, the other September 27th, 1899. The letter from Merrill-Stevens Engineering Company contained a demand for the payment of the money for repairs on the Artesia. The note therein made by J. D. Kerrison was simply a statement of his view of the liability of the defendants for the repairs. The letters of Gibbons were replies to letters of Judge H. B. Philips which are not in the record, and the former dealt chiefly with an agreement made subsequently to the date of the contract sued on for the purchase of the Artesia. They contain nothing from which a liability in this suit may lawfully be inferred.

The letter of Merrill-Stevens Engineering Company with the note of Kerrison therein, was clearly irrelevant and incompetent for any purpose, nor can we perceive the relevancy of the letters of Gibbons to the issues in the case. The admission in evidence of these letters was erroneous.

The sixth assignment of error is based on the refusal of the court to allow the defendants to introduce in evidence a certified copy of the libel, attachment, answer of Alice M. Kerrison, final decree, order for *vend. exponas,* and final decree of confirmation of sale of the boat Artesia, in the District Court of the United States, Southern District of Florida, at the suit of Merrill-Stevens Engineering Company against the boat Artesia, for repairs made on the boat immediately after the contract of May 25th was executed.

As the sixth plea, on which issue was joined, alleged that the repairs in the boat were made at the instance and request of J. Davenport Kerrison, after the defendants had refused to take the boat under the contract of 25th May, because of misrepresentations as to her condition made to defendants by Kerrison when they signed the contract, and had turned her over to Kerrison, who had accepted her; and that the boat had been libeled by the Merrill-Stevens Engineering Company, to recover the money due for said repairs, and sold by order of the United States Court in said libel proceedings, this record was material evidence, taken in connection with other testimony tending to support this plea. The refusal to admit this record in evidence was, therefore, erroneous.

For the errors above indicated the judgment of the Circuit Court is reversed, at the cost of defendant in error.

All concur, except TAYLOR, C. J., absent on account of sickness.