CHARLES H. BROWN, *et al., Appellants,* v. W. H. BECK-
WITH, *et al., Appellees.*

1.  In construing a contract the leading object is to ascertain and
    effectuate the intention of the parties. To ascertain the real
    intent, the language used, the subject-matter and the purpose
    designed may be considered.

2.  When the purpose designed to be accomplished by a contract is
    ascertained, the meaning and effect given to the language used
    should comport with the intended purpose.

3.  While ambiguous language is to be construed against the per-
    son using it, yet it should be given the meaning and effect that
    will be in accord with the object in view.

4.  The real intention as disclosed by a fair consideration of all
    parts of a contract should control the meaning of mere words
    when the words have reference to the main purpose.

5.  Where the main purpose of a contract is for the conveyance of
    timbered land subject to a reservation of "the right to box,
    chip and turpentine all of said lands for a period of four years
    from the date of the boxing of the same," and to limit the time
    within which the boxing should be done and the time beyond
    which the trees should not be used at all by the vendor, sub-
    sequent agreements extending the time "within which to com-
    plete said turpentine operations" and "to work said timber,"
    and "for boxing and working the timber," have reference to
    the ultimate expiration of the reservation, and do not affect
    the original provision that the turpentining of trees shall cease
    "four years from the date of the boxing of the same," where
    a contrary intent does not clearly appear.

This case was decided by Division A.

Appealed from the Circuit Court for Hillsborough
county.

The facts in the case are stated in the opinion of the court.

*H. S. Hampton* and *James S. Glen,* for Appellants;

*Sparkman & Carter,* for Appellees.

WHITFIELD, C. J.—This appeal is from an order refusing to dissolve an injunction against chipping, boxing and turpentining pine trees on certain lands. The sole question is the construction of written instruments under which the parties assert conflicting rights.

In a contract to convey lands dated February 19, 1906, there was a reservation of "the right to box, chip and turpentine all the said lands for a period of four years from the date of the boxing of the same," and a provision that "all boxing should be done not later than January, 1909, and that all timber shall be surrendered  *  * . *  not later than January, 1913." This contract was several times amended as follows: On March 13, 1906, "It is agreed that in the event of labor troubles or any unavoidable accident not attributable to the fault of the said O'Neil Turpentine Company, they shall not have fully boxed and turpentined said timbers by January, 1913, they shall have one year longer within which to complete said turpentine operations, and shall turn over all said timber by January, 1914." November 15, 1907. *"Note.* The condition as to the year 1913 is hereby eliminated and the said O'Neil Turpentine Company hereby has the right to work said timber for the year 1913 A. D., should it retain the lands, or should it sell the same the purchaser shall have the same privilege." February 20, 1909. "We hereby extend the time for boxing and working the timber. which we purchased of you, until January 1, 1915, subject to the conditions of a certain supplemental agreement

made on the 13th day of March, 1906, and to which said agreement this writing is to be attached and made a part of the same."

In constructing a contract the leading object is to ascertain and effectuate the intention of the parties. To ascertain the real intent the language used, the subject matter and the purpose designed may be considered. When the purpose designed to be accomplished is ascertained the meaning and effect given to the language used should comport with the intended purpose. While ambiguous language is to be construed against the person using it, yet it should be given the meaning and effect that will be in accord with the object in view. The real intention as disclosed by a fair consideration of all parts of a contract should control the meaning of mere words when the words have reference to the main purpose.

It is evident that the leading purpose of the first contract was to convey the land subject to the reservation of "the right to box, chip and turpentine all of said lands for a period of four years from the date of the boxing of the same" and to limit the time within which the boxing should be done and the time beyond which the trees should not be used at all by the vendor. All boxing was to be done before the expiration of four years from the final termination of the reservation, and no trees were to be turpentined after four years from the time they were boxed. The reservation was of a right to turpentine the trees for four years after they were boxed for that purpose, and the boxing was to be done four years from a final limit. The subsequent agreements all had reference to the final expiration of the grantor's reserved right. The period during which the trees could be turpentined was originally fixed at and continued to be "four years from the date of the boxing of the same." There is nothing in any of the writings to show any other intent. The use of the

words "boxing and working" in the agreement of February 20, 1909, had reference to the main object of the original contract and of the supplemental agreement of March 13, 1906, which was to fix the ultimate end of the reservation, to allow the turpentining to continue four years after the boxing, and to stop the boxing four years before the final termination. The injunction was granted to stop the turpentining of trees after four years from the date of the boxing of them. As this was within the rights of the appellees the appellants were not entitled to a dissolution of the injunction and the order appealed from is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.