C. M. MESSER, *Plaintiff in Error,* v. M. L. DEKLE, *et al., Defendants in Error.*

Where parties are bound "in the event a railroad is built to M. with a possible northern connection" to give a stated amount, a declaration in an action on the obligation that does not in effect allege that the railroad has been "built to M. with a possible northern connection" does not state a cause of action.

This case was decided by Division A.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Thomas E. Walker* and *Wm. B. Farley,* for Plaintiff in Error;

No appearance for Defendants in Error.

WHITFIELD, C. J.—The defendants in error brought an action against C. M. Messer, the declaration alleging: "That the plaintiffs were selected and appointed by a mass meeting of the citizens of Marianna, Florida, to solicit and collect subscriptions to aid in the building of a new railroad into Marianna, Florida, and the new railroad which was had in contemplation at the time of the selection of the plaintiffs as citizens committee and the time of taking the subscriptions, including the defendants subscription, was the railroad now in course of construction, from Marianna, Florida, to Blountstown, Florida, now known as the Marianna and Blountstown railroad which is being constructed by Marianna and Blountstown Railroad Company, a corporation.

That the plaintiffs as such citizens committee, did solicit subscriptions for such railroad, together with additional subscriptions for a possible northern railroad connection from Marianna, Florida, and on the 10th day of February, A. D., 1909, the defendant agreed to subscribe and did subscribe, the sum of two hundred dollars to aid in the building of said railroad, at the same time agreeing in writing to grant right of way free over and through any of his lands over which said railroad might pass. A copy of the said subscription list so signed by the defendant, along with others, which said list shows the contract of defendant with the plaintiffs, is hereto attached marked exhibit "A" and is made a part of this declaration. That said subscription of the defendant is payable to the plaintiffs, and is payable as follows, to-wit: Twenty-five per cent on demand, and twenty-five per cent every two months until paid in full. That the plaintiffs made demand upon the defendant to pay the first installment of his subscription, and he refused to do so, and since the first demand the plaintiffs have made demand upon the defendant to pay his entire subscription, and defendant has failed and re-

fused to pay any part of same, and all the deferred payments are now past due and unpaid. The plaintiffs allege that in consideration of the defendant subscribing the said two hundred dollars, along with other subscriptions of other parties, with which to aid in the building of the said railroad, the plaintiffs, as a citizens committee, entered into a written contract with the firm of Pennington & Evans, composed of Rufus Pennington and C. R. Evans, who were contemplating building said railroad from Marianna, Florida, to Blountstown, Florida, whereby the plaintiffs induced the said firm of Pennington & Evans to organize the Marianna and Blountstown Railroad Company, a corporation, and to build the said railroad from Marianna, Florida, to Blountstown, Florida, and the plaintiffs in order to procure the organization of such corporation, and the building such railroad, guaranteed to pay said Pennington & Evans not less than $18000.00, to aid in the building of such railroad, and to furnish the right of way for six miles south from Marianna, Florida, free to said railroad. That such guarantee was made upon the faith and strength of the subscriptions procured by the plaintiffs to aid in the building of such road, including the said two hundred dollar subscription of the defendant herein.

That the said railroad from Marianna to Blountstown, under and by reason of the said contract between plaintiffs and Pennington & Evans is now in course of construction, and has been in course of construction for ten months, and many miles of track have already been laid, and the plaintiffs are paying, and when said railroad is completed according to contract between plaintiffs and Pennington & Evans, will have to pay all of said $18000.00 as promised and guaranteed by plaintiffs, and the entire amount of the subscriptions, including the defendants subscription of two hundred dollars, are now overdue and the

defendants said subscription is wholly unpaid; wherefore the plaintiffs sue and claim five hundred dollars damages."

Attached to the declaration was the following:

"Railroad Subscription List.

We the undersigned, hereby subscribe the amounts set opposite our respective names, each binding himself individually, binding ourselves in the event a railroad is built to Marianna, Fla., with a possible northern connection to give the amount set in Column 'A,' and if the northern continuation connection is guaranteed, to the amount set in Column 'B,' and we each further agree to grant by suitable conveyance a right of way one hundred feet wide through our lands for such railroad or connection free.

This subscription is payable to the Citizens' Committee, viz.: M. L. Dekle, C. C. Liddon and J. D. Smith, their successors and assigns 25% on demand, and 25% every two months until paid in full, and we agree to give security satisfactory to said committee for all deferred payments and all extensions.

In Witness Whereof we have hereunto set his hand and seal this 10th day of February, A. D., 1909.

| Name | Column 'A'. | Column 'B'. |
|------|-------------|-------------|
| * * * * * * * * | | |
| C. M. Messer | $200.00 | " |
| * * * * * * * * | | |

A demurrer to the declaration was interposed on the grounds:

"1st. That same is vague, indefinite, uncertain and insufficient and states no cause of action against this defendant.

2nd. Because said declaration shows that plaintiffs have no right to sue this defendant.

3rd. Because the contract sued on requires the work to be completed whereas the declaration shows it is not.

4th. Because the contract sued on is void in this, to-wit: that said is without consideration, is vague, indefinite and ambiguous. Because same is in statute of frauds."

The demurrer was overruled. Pleas filed were stricken or held insufficient on demurrer thereto and judgment was rendered for the plaintiffs to which a writ of error was taken.

The subscription list purports to bind the parties thereto "in the event a railroad is built to Marianna, Fla., with a possible northern connection to give the amount set in column 'A'." There is no allegation in the declaration that a railroad has been "built to Marianna, Fla., with a possible northern connection," and consequently the allegation does not state a cause of action. The provision in the subscription list binding the parties thereto "in the event a railroad is built to Marianna, Fla., with a possible northern connection to give the amount" as stated, is a condition precedent to the liability, and its performance or happening should be alleged in order to state a cause of action. Martin v. Pensacola, & G. R. R. Co., 8 Fla., 370, 73 Am. Dec., 713; Persinger v. Bevill, 31 Fla., 364, 12 South. Rep., 366; Stevens v. Ambler, 39 Fla., 575, 23 South. Rep., 10; Milligan v. Keyser, 52 Fla., 331, 42 South. Rep., 367.

The judgment is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.