EDWARD C. HUME and LOULA W. HUME, His Wife, and JOSEPH A. KANE, *Appellants,* v. G. L. MILLER BOND & MORTGAGE COMPANY, *Appellee.*

Division B.

Opinion filed July 30, 1928.

338

*Willard & Knight,* Attorneys for Appellants.

*McCaskill & McCaskill,* Attorneys for Appellee.

BUFORD, J.—In this case suit was brought to foreclose a mortgage executed to secure the payment of two promissory notes. The notes and mortgage were attached to and made a part of the bill of complaint. The first note was in the following language:

"No. 1. $1,650.00 Miami, Florida, March 15th, 1923, On or before one (1) year after date, for value received, I promise to pay to the order of THE JULIUS SMITH COMPANY, Sixteen Hundred Fifty Dollars at ——————————, of Miami, Florida, with interest thereon at the rate of 8 per cent. per annum from date until fully paid. Interest payable semi-annually. The maker and endorser of this note further agree to waive demand, notice of non-payment and protest, and in case suit shall be brought for the collection hereof or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees for making such collection. Deferred interest payment to bear interest from maturity at 8 per cent. per annum, payable semi-annually."

"Due——————————— 192—."

"EDWARD C. HUME (Seal)"
"LOULA A. HUME (Seal)"

"Secured by and subject to mortgage of even date."

The second note was in the same language except as to maturity date.

The mortgage contained the following provision:

"The payment of the aforesaid notes is contingent upon the full and complete performance by the mortgagee before the maturity of the first mentioned note of the following:

"1. The mortgagee shall pave the 25 foot street immediately west of the property.

"2. The mortgagee shall pave the street shown on the said plat as 26th street, and shall have put in at its expense, gutters, curbing, side walks, adequate sewers, gas mains and water mains."

This provision contained in the mortgage together with the provision contained in each of the notes, as follows: "Secured by and subject to mortgage of even date." Clearly creates a condition precedent to the right of the mortgagee or its assigns to enforce the payment of the notes or to a foreclosure of the mortgage.

There was a demurrer to the bill of complaint, one ground of which was as follows:

"That said bill of complaint fails to show performance by the complainant or the said The Julian Smith Company, a corporation, original mortgagor of the conditions precedent to said mortgage, to-wit: 'The payment of the aforesaid notes is contingent upon the full and complete performance by the mortgagee before the maturing of the first mentioned note of the following:

"1. The mortgagee shall pave the 25 foot street immediately west of the property.

"2. The mortgagee shall pave the street shown on said plat as 26th street and shall have put in at its expense gutters, curbing, sidewalks, adequate sewers, gas mains and water mains'."

And another ground was as follows:

"That said bill of complaint, by reason of failure of complainant to show the performance of said conditions last mentioned, fails to show a proper default in the payment of the amounts due under said note as would entitle the complainant to foreclose said mortgage mentioned in said bill of complaint."

"Where the mortgagee's right to foreclose is dependent upon a condition precedent, the complaint should distinctly

aver the performance of such condition." Wiltsie on Mortgage Foreclosure, 4th ed., Sec. 484, page 637. See also, Jones on Mortgages, 7th ed., vol. 3, Sec. 1471, in which the writer says:

"If the mortgagee's right to the money secured by the mortgage is expressly made dependent upon his complying with a certain requirement, as, for instance, the perfecting of the title in some particular, the bill to foreclose the mortgage must distinctly allege the performance of such condition precedent."

In Curtis v. Goodenow, 24 Mich. Repts. 18, the Court having under consideration a bill to foreclose a mortgage containing a stipulation of condition precedent to be performed by the mortgagee, say:

"Such being the condition of the mortgage as regrads the payment of this $2,000.00, it remains to consider whether the complainant has shown himself entitled to enforce it. The first and most obvious difficulty with his case is, that the bill contains no proper averments under which to introduce evidence of the compliance on his part with the conditions precedent. His right to the money being dependent on the title being perfected in the two particulars mentioned in the mortgage, there should have been distinct averments in the stating part of the bill showing that this had been done. No such averments appear."

In the case of Persinger v. Bevill et al., 31 Fla. 364, 12 So. R. 366, the Court say:

"It is a sound rule of construction that a condition introduced into a contract shall be deemed to have

been inserted for some purpose, and that the purpose was not to leave the rights of the parties as they would have been had no such condition existed. Apply this rule of construction to the contract under consideration, and it will be perceived that the only change which this condition makes in the rights of the parties, is to make the liability of C. Bevill to .pay the sum of money mentioned in the contract dependent upon the road being ready for the operation of trains within the time stipulated therein. .This contract then was not an absolute promise for the payment of money when the road was ready for the operation of trains, but was a conditional promise for the payment of money, provided the road was ready for the operation of trains by the time stipulated.''

We do not construe the language contained in the mortgage, ''The payment of the aforesaid notes is contingent upon the full and complete performance by the mortgagee before the maturity of the first mentioned note of the following:

1. The Mortgagee shall pave the 25-foot street immediately west of the property.

2. The mortgagee shall pave the street shown on the said plat as 26th Street, and shall have put in at its expense, gutters, curbing, sidewalks, adequate sewers, gas mains, and water mains.'' to mean that if the condition precedent were not complied with before the maturity date of the first note that such non-compliance would operate as a forfeiture of the rights of the mortgagee, its successors or assigns, to ultimately enforce the payment of the notes secured by the mortgage, but we construe that language to mean that if those conditions are not performed before the maturity of the first note, that the maturities will be post-

poned until the performance of the conditions precedent and that the right of enforcement of payment of the notes by foreclosure of the mortgage or otherwise will not accrue until the conditions precedent shall have been performed.

The bill of complaint did not allege the performance of the conditions precedent by the mortgagee, its successors or assigns, and therefore, did not allege such a state of facts as to show that the complainant was then and there entitled to the relief prayed and the demurrer should have been sustained.

The order overruling the demurrer and the final decree entered subsequent thereto should each be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J. AND STRUM AND BROWN, J. J., concur in the opinion and judgment.