BRUCE CONSTRUCTION CORPORATION, a Florida Corporation, *Appellant*, vs. FEDERAL REALTY CORPORATION, a Florida corporation, THE SAVE MINATURE LAMP CO., a corporation, MAYER SPIES-BERGER BANKERS BOND AND MORTGAGE COMPANY, a Florida corporation, L. M. ADAMS and J. C. GAULT, *Appellees*.

139 So. 209.

En Banc.

Opinion filed January 25, 1932.

*Loftin, Stokes & Calkins,* for Appellants;

*S. J. Barco* and *Benson, McGary & Sullivan,* for Appellee L. M. Adams.

ANDREWS, Commissioner.—This cause is here upon appeal from a final decree of the Circuit Court of Dade County, dismissing the cause, which had for its purpose the enforcement of a lien for labor and material furnished by the Bruce Construction Company (Appellant here) in the sum of Thirty-one Thousand Five Hundred Forty-five Dollars and Eleven Cents ($31,545.11), and the only question presented here is whether the trial court com-

mitted error in holding that the mortgage of Eighty Thousand Five Hundred Sixty Dollars ($80,560.00) held by appellee L. M. Adams was prior in dignity to the lien held by complainant.

The bill of complaint in substance alleges that on September 12, 1925, it entered into a contract with the Federal Realty Corporation, the owner of the premises, for the construction of a building on its described lot in Miami at a cost of about Eighty-two Thousand Dollars ($82,000.00) ; that between September 12, 1925, and May 18, 1926, the owner had paid Forty-two Thousand Four Hundred Nine Dollars and Seventy-seven Cents ($42,409.77), leaving at the time a balance of Fifty-one Thousand Five Hundred Forty-five Dollars and Thirty-six Cents ($51,545.36) due complainant; that on May 18, 1926, complainant caused to be recorded a notice of lien for labor and material furnished in the last named amount; that on May 20, 1926, the owner of the premises executed and delivered to L. M. Adams a mortgage covering this and two other pieces of property to secure the sum of $80,560.00 and that on the same date (May 20, 1926) the owner paid Twenty Thousand Dollars ($20,000.00) to complainant, leaving $31,545.36 with interest thereon still due complainant; that at the time the mortgage was made Adams had actual and constructive notice of complainant's lien and by reason thereof the said mortgage became subject and inferior to complainant's statutory lien, and complainant prayed that a final decree be entered foreclosing said lien and fixing the priority of complainant's lien with costs, attorneys' fees, etc.

Defendant Adams filed his plea wherein he admits having had notice of the existence of complainant's lien and alleges in substance that before accepting the mortgage complainant on May 20, 1926, executed a release of its statutory lien and therein specifically agreed to look to the owner for payment of its claim until such time as

it should file a new lien and that he required such release from said lien before making the loan and relied thereon; that thereafter, on July 22, 1926, complainant filed said lien for $31,545.11, which was inferior in dignity to that of defendant Adams.

Appellee Adams contends that the release of the first statutory lien having been made for the express purpose of giving priority to his mortgage that the release is a complete bar to the bill of complaint, insofar as it seeks to have complainant's lien adjudged prior in dignity to that of his mortgage.

A copy of the release attached to said plea provides in substance, that "whereas the Federal Realty Company desires to borrow from the Bankers Bond and Mortgage Company about $20,000.00 to be paid to the Bruce Construction Corporation" and whereas, "in consideration of the payment to it of the said $20,000.00, to waive and release its lien on the said building to enable the said owner to borrow enough money * * * for the completion of the building;" and further provides that

"WHEREAS it is the intention of the said Bruce Construction Corporation in waiving its lien that it shall reserve to itself all rights it may have to file a lien at any time in the future to protect itself against any payments that may be due it on the construction of the said building, that are due either now or shall become due at any time in the future, it being the purpose of the Bruce Construction Corporation in signing this release not to waive any rights it may have to file subsequent liens against the said building for either the amounts that may be due it now, or any amounts that may become due it at any other time as liens against the said building under the laws of the State of Florida while the construction work on the said building shall be prosecuted to completion.

"That the undersigned, Bruce Construction Corporation, a corporation under the laws of Florida, for and in consideration of the matters and things and sums of money mentioned aforesaid unto it moving, the receipt

of all of which is hereby acknowledged, has released, and does by these presents release all its right, claim and demand of laborers, materialmens, mechanics or other statutory liens which it may have by reason of the Statutes of the State of Florida, or otherwise, for work done, materials furnished, or for any other reason on or about, or in any way connected with the lands and property mentioned herein.

AND until the said Bruce Construction Corporation does file its lien against the said building for any sums of money that may now be due it, or may be due it at any time in the future for any portion of the work on said building that may be unpaid for at its completion agrees to look to the owner of said premises for the payment of any claim or demand which it may have against said above described premises, or the improvements thereon.''

There are other provisions in the release but they do not appear to qualify or vary the effect and purpose of those above quoted and noted. The instrument recites a valuable consideration of $20,000.00 to complainant, even though that is not the whole sum claimed in the lien to be due to complainant nor the amount borrowed. It is also noted that the first above quoted paragraph provides that it is the intention of complainant ''in waiving its lien that it shall reserve to itself all rights it may have to file a lien at any time to protect itself against any payments that may be due * * * either now or shall be due in the future,'' and (by last quoted paragraph) that ''*until* the said Bruce Construction Corporation *does* file its lien against said *building* for any sums of money that may now be due it, at any time in the future for any portion of the work on said building that may be unpaid for *at its completion*'' it agrees to look to the owner of said premises for the payment of any claim or demand which it may have against said premises.'' (Italics ours.)

It should be noted that the building appears to have been practically completed at the time of the release.

The main point to be determined is what was the *ultimate contract* of the parties. It must be conceded that it is rather difficult to determine from the face of the release itself as to its true intent and meaning; therefore, it is under the rule susceptible of inquiry by means of testimony to arrive at a proper judicial interpretation of the release likewise as to whether the trial court committed error in its order allowing the said plea of Adams to be filed.

The fact that the release in question names the Bankers Bond and Mortgage Company as releasee would in some measure complicate the transaction in the absence of any explanation given by the representatives of said company. But it is shown that Mr. MacElhinny at the time of the release directed attention of Mr. Bruce to the fact that the name of L. M. Adams should have been designated as the releasee as he was the one lending the money to the Federal Realty Corporation, and that seems to have been well understood. A release is effective when delivered to or for the use of the owner or "for the person for whom it was intended to be made. 40 C. J. 340.

This court has held that "when a contract is designed *solely* for the benefit of the *formal* parties thereto" that third persons cannot maintain an action thereon, even though such third person might derive some incidental or consequential benefit from its enforcement. (Italics ours.) American Surety Co. v. Smith, 100 Fla. 1012, 130 So. 440; Leon v. Kerrison, 47 Fla. 178, 36 So. 173; Wright v. Terry, 23 Fla. 160, 2 So. 6. But the above American Surety Co. case also states that the purpose of Section 4201 Comp. Genl. Laws of Florida, 1927, "is to relax the strict rule of the common law so as to enable those directly interested in, but not parties to, a contract to maintain an action for its breach," and that under this statute and construction a third party may sue on a contract intended for his benefit, as well as for the benefit of formal parties there-

to, "even though he be a stranger to the consideration and the contract be under seal." See number of cases there cited, also 53 S. J. 1200.

In 40 C. J. 341, Section 458, the rule is stated that: "A release will be construed and given effect according to its terms, purpose, and the subject matter to which it can apply. Some releases are comprehensive and unqualified, while others are limited in their application and operation," and that "a lien once extinguished by virtue of a release cannot be revived or restored by any act of claimant, but a conditional release is not effective unless the terms upon which it is conditioned are complied with by the person asserting a right under it." There is no contention here that Adams did not comply with the terms of the release or that he did not advance the $20,000.00 to complainant which is the amount named in the release as the consideration. The rule is also stated that: "A release of a mechanic's lien must, in order to be effective, be founded upon a consideration, and if the consideration fails the release is void and the lien may be enforced even though the release is under seal."

It appears from the terms of the release itself that it is not an absolute and unqualified one but contains conditions which were inserted for some definite purpose.

"It is a sound rule of construction that a condition introduced into a contract shall be deemed to have been inserted for some purpose and that the purpose was not to leave the rights of the parties as they would have been had no such condition existed." Hume v. G. L. Miller Bond & Mortgage Co., 96 Fla. 337, 118 So. 3; Persinger v. Bevill et al., 31 Fla. 364, 12 So. 357.

The chancellor's order in dismissing complainant's bill would have the effect of holding that complainant by his release had forfeited any *prior* lien he might have on the premises to the extent of $31,545.11 which is the amount still due after the payment of the $20,000.00, even though

the release states that the lien is released only *until* the complainant shall file another lien for any work already performed or to be performed. See also Hemphill v. Pesat, 98 Fla. 124, 123 So. 561.

In the recent case of McGhee Interests Inc. v. Alexander National Bank et al., 102 Fla. 140, 135 So. 545, this court, in line with former decisions of this court and courts of other states, said that,—"When an agreement is evidenced by two or more writings, the writings must be construed together," and that "ambiguities must arise from *words in written* contract before the court may resort to interpretation or construction to ascertain the intention of the parties "as to ambiguities which exist in the contract and not outside the contract," and that "it is well settled that where the purpose designed to be accomplished by a contract is ascertained, the meaning and effect must be given to ambiguous language used should comport with the intended purpose disclosed by the contract. See also Escambia Land Co. vs. Ferry Pass Insp. Ass'n., 59 Fla. 239, 52 So. 715, 138 Am. St. Rep. 121; Brown v. Beckwith, 60 Fla. 310, 53 So. 542.

"When the alleged waiver rests upon contract, and the terms of the contract are ambiguous on the question, the doubt should be resolved against the waiver, as the parties will not be considered as having waived the right to a lien unless they expressly agree to such terms as are inconsistent with the existence of such right," (18 R. C. L. 962) ; and "where a release of a mechanic's lien is given to a mortgagee merely for the purpose of giving priority to the mortgage, the effect of the release will be confined to the purpose intended by the parties." 18 R. C. L. 963; Paulsen v. Mauske, 126 Ill. 72, 18 N. E. 275, 9 A. S. R. 532.

Where the point has been raised similar to the one in the instant case, that is, where a mechanic's lien has been waived to enable the owner to obtain a loan by mortgage

on the building and only a portion of the amount secured was used in making payments on the construction that such "waiver was operative only to the extent of the money actually advanced." Persky v. Puglisi, 101 Conn. 658, 127 A. 351. In the similar case of Continental-Trust-Bank v. Corey Bros. Construction Co., 208 Fed. 796, 983, 126 C. C. A. 64, it was held that "the funds so raised being insufficient there is no ground, equitable or legal, for holding that the remainder of the demand of the lien claimant should not be first paid out of the property, as provided by the mechanic's lien law of the state."

Of course a waiver of *priority over a mortgage* is not a waiver of the lien on the property as to other parties. The purpose of the loan is mentioned in the release several times and always for the purpose of completing the building. The $20,000.00 of the loan was paid immediately as a consideration for delivery of the contract of release.

There can be no question but that the release in the instant case is conditional, otherwise its terms would have been absolute; it, however, is effective as against complainant only to the extent of Twenty Thousand Dollars ($20,000.00), which it acknowledges as having been received as the consideration for the release at the time of its delivery. It is also reasonable to assume from the terms of the release itself and other documents shown in the transcript, together with the testimony, that the complainant reserved and did not waive its right to file subsequent liens against the building "for either the amounts that may be due it now (May 20, 1926) or any amount that may become due it at any other time as a lien against the said building" while the construction work shall be prosecuted to completion.

The complainant would be estopped to establish that it is not bound for a release to mortgagee Adams to the extent at least of $20,000.00, which complainant ac-

knowledges having received, but complainant cannot be said to have released its lien as to any other amount unpaid at the time of filing the second lien; in fact, the release makes specific provisions for that very contingency in that it was to look to the owner only until it should file another lien; and as no further portions of the $80,560.00 was ever paid to complainant for the "completion" of the building it exercised that reserved option, which would be reasonable under all the circumstances. Under this construction it is our view that the Chancellor committed error in dismissing the cause, if the decree of dismissal has the effect of holding that the Adams mortgage, which also covered two other pieces of property, was prior in dignity to $31,545.11 which was released conditionally with the reservation to file a lien for any amount then or thereafter to become due on the building.

We hold that the mortgage to the extent only of $20,000.00, which is named and accepted by complainant as the consideration for executing the release, is entitled to priority over any lien of complainant remaining unpaid at the time complainant filed the second notice of lien on July 22, 1926.

The decree is reversed.

PER CURIAM.—The record in this cause having been considered by the court, and the foregoing opinion prepared under chapter 14553, Acts of 1929, Ex. Sess. adopted by the court as its opinion, it is considered, ordered, and adjudged by the court that the judgment of the court below be, and the same is hereby reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.