146 So.2d 910 (1962)
F.A. CHASTAIN CONSTRUCTION, INC., a Florida Corporation, and F.A. Chastain and Bessie L. Chastain, His Wife, Appellants,
v.
George H. PRATT and Cecelia A. Pratt, His Wife, Smith Haselwood and Adelyn B. Haselwood, His Wife, and Guion T. Deloach, Appellees.
No. 61-858.
District Court of Appeal of Florida. Third District.
November 27, 1962.
Rehearing Denied December 13, 1962.
*911 Kates & Ress, North Miami, for appellants.
Bolles & Prunty and Michael C. Slotnick, Miami, for appellees.
Before HORTON, CARROLL and HENDRY, JJ.
HORTON, Judge.
Appellants, plaintiffs below, seek review of an adverse final decree and two amendatory post decretal orders. We reverse.
The appellees were developing a tract of land and on January 31, 1959, entered into a contract with the appellants whereby the appellants were to provide 18,000 cubic yards of fill for $16,500.60. By the terms of this contract, appellees were to pay $9,000.60 in cash as the work progressed, making up the balance of the contract price by conveying title to one of the lots in the tract to appellants as soon as the tract had been platted and title thereto perfected. On September 12, 1959, the parties entered into a similar contract whereby appellants were to provide an additional 12,136 cubic yards of fill for $10,500.07. As substituted consideration for the contract price, appellees were to convey title to a second lot to appellants as soon as the conditions applicable to conveyance of the first lot had been met.
*912 On November 24, 1959, appellants borrowed $10,000 from the appellees. At this time appellants had substantially performed both contracts to the satisfaction of the appellees and in addition had furnished extra fill to the value of $1,976.12. The appellees had paid the appellants the $9,000.60 in cash called for by the first contract, but were unable to convey title to either of the lots since they had not as yet been platted and were still involved in litigation. As security for both parties, an escrow agreement was entered into calling for the appellees to deposit with an escrow agent warranty deeds and appellants a mortgage to the lots in question and their note for $10,000 payable in nine months. The escrow agreement took cognizance of the dealings between the parties and provided that the warranty deeds were to be delivered to appellants when (1) the tract was platted, (2) litigation to perfect title to them had been concluded, and (3) the $10,000 loan was duly and promptly repaid. It further provided that the escrow agent should deliver the mortgage deed to the appellants if the loan were repaid or to the appellees if it were not repaid. Viewed in relation to the total transaction between the parties of which it was but a part, the tenor of this agreement indicates that its purpose, as is usually the case when parties enter into an escrow agreement,[1] was to create a situation such that neither party would have to perform unless he received counter performance.
When the appellants did not repay the loan within nine months, the appellees treated the escrow agreement as a pledge and succeeded in obtaining both the warranty and mortgage deeds from the escrow agent. At this time no plat had been filed and the tract was still involved in litigation. Consequently the appellants brought this action seeking specific performance, an accounting, damages, and other relief. The appellees answered and counterclaimed seeking (1) an accounting to determine the amount due them on the loan and for attorney's fees in connection with this action, and (2) that the court fix a date by which this amount must be paid or the lots sold to satisfy this debt.
After hearing, the chancellor entered the final decree appealed wherein he found, inter alia, that the appellants were entitled to be paid for the $1,976.12 in extras, and that:
"* * * the express terms and conditions of the escrow agreement require that the warranty deed to the above described real property is to be delivered to the plaintiff and because said loan remains unpaid, the escrow agent was directed to deliver the mortgage deed to the defendants, Pratt and Haselwood for the purposes of recording and other appropriate action. It appears, therefore, that the plaintiff herein should have the benefit of the title being recorded in its name of the above described real property, and that the defendants, because said loan remains unpaid to date, to also have their mortgage to the above described real property also recorded to evidence the $10,000.00 loan. It appears at this time that, after deducting the extras that there is due by the plaintiff to the defendants, Pratt and Haselwood, the sum of $9,023.88, with interest at 6% from November 24, 1959 to date. It would be inequitable to foreclose the plaintiff's right of redemption of said property by the procedure recommended by the defendants. Plaintiff should have its right to redeem said mortgage and, if said amount not be paid, then said property be sold on the courthouse steps and the sum secured be used to pay off the balance existing on said mortgage and, if there is any overage, then said plaintiff would be entitled to same. It does appear that the parties, for one of the lots, had stipulated to an agreed price of $7,500.00. It would therefore appear inequitable from this Court's examination to wipe *913 out the plaintiff's rights to said property or to lots which conceivable [sic] could be worth approximately $15,000.00 for a balance of approximately $9,000.00."
Accordingly the chancellor ordered, adjudged and decreed that: (1) the appellants owed appellees $9,023.88, plus interest and attorney's fees; (2) the appellees should record both the warranty deeds and mortgage formerly held in escrow; (3) the appellants should have until November 25, 1961, to pay the amount found due by the decree; and (4) in default of such payment the lots should be sold at public sale.
The final decree was later amended giving appellants until December 19, 1961, to make payment. When appellants did not make the required payments the lots were sold by the clerk on December 21, 1961. Appellees purchased them at the sale for $5,000.
Basically the appellants contend that the chancellor erred in failing to grant them an equitable accounting. We find this contention to have merit.
Matters of account are one of the ordinary sources of equity jurisdiction and on its facts this case falls squarely within the rule that although courts of law have jurisdiction to enforce contract demands which involve an accounting, equity will take cognizance of cases where the contract demands between litigants involve extensive or complicated accounts and it is not clear that the remedy at law is as full, adequate and expeditious as it is in equity. R.O. Holton & Co. v. Hull, 140 Fla. 687, 192 So. 229; Campbell v. Knight, 92 Fla. 246, 109 So. 577; Craft v. Craft, 74 Fla. 262, 76 So. 772.
Having taken jurisdiction of an action seeking an equitable accounting, the chancellor should balance the equities, adjust the accounts of the parties, and render complete justice between them. See 1 C.J.S. Accounting § 32. We conclude on the basis of the record that the decree appealed falls short of this requirement in the following respects: (1) it fails to take a comprehensive view of the transactions between the parties by overemphasizing the intended effect of the mortgage and note and granting foreclosure to the appellee without completely and equitably resolving the accounts between them;[2] (2) it ignores the principle that if a mortgagee's right to the money secured by the mortgage is expressly made dependent upon his compliance with certain requirements, he may not foreclose until he has shown such compliance;[3] (3) it permits foreclosure when title to the property was never vested in the appellants by delivery of the deed;[4] and (4) it effectively deprives the appellants of the full consideration due them for their complete and satisfactory performance of the fill contracts.
In accordance with the conclusions reached herein, the decree appealed is reversed and the cause remanded with directions to render an equitable accounting between the parties not inconsistent herewith.
Reversed and remanded with directions.
NOTES
[1] See Simpson on Contracts, § 44, p. 148.
[2] Although we conclude that the mortgage foreclosure was improper under the circumstances, this should not be construed as absolving the appellants of their liability under the terms of the note which would be taken into consideration by the chancellor in rendering the equitable accounting ordered hereby.
[3] See Hume v. G.L. Miller Bond & Mortgage Co., 96 Fla. 337, 118 So. 3.
[4] See Houston v. Adams, 85 Fla. 291, 95 So. 859; Parken v. Safford, 48 Fla. 290, 37 So. 567; Ellis v. Clark, 39 Fla. 714, 23 So. 410. See also, Boyer, Florida Real Estate Transactions, § 9.01, et seq.