PER CURIAM.
Appellants, defendants in the trial court, seek review of an adverse final judgment rendered by the trial court in a non-jury action.
The appellee-plaintiff sued for monies due it from the late William B. MacDonald, Jr. The defense was that the sums, admitted as correct, were not recoverable because of an executed general release. The trial judge found that the particular indebtedness involved was not covered by the general release, upon the authority of Ormsby v. Ginolfi, Fla.App.1958, 107 So.2d 272; Graham v. Taller & Cooper, Inc., E.D.N.Y. 1950, 91 F.Supp. 419; Simon v. Simon, 274 App.Div. 447, 84 N.Y.S.2d 307; 76 C.J.S. Release § 52; Anno. 171 A.L.R. 185.
It is generally a question of fact wherein parol evidence is accepted, notwithstanding the written agreement to determine if an item which is not mentioned in a release was to be included therein. Bruce Construction Corporation v. Federal Realty Corporation, 104 Fla. 93, 139 So. 209; Ormsby v. Ginolfi, supra; Florida State Turnpike Authority v. Industrial Construction Company, Fla.App.1961, 133 So.2d 115; 28 Fla.Jur., Release, §§ 17, 18.
We find substantial, competent evidence in the record to support the trial judge’s finding. Therefore, the same and the final judgment here under review should not be disturbed on appeal. Dade County, By and Through Bd. of County Com’rs. v. Pepper, Fla.App. 1964, 168 So.2d 198; Leeb v. Read, Fla.App.1966, 190 So.2d 830; Gaisford v. Frostman, Fla.App. 1967, 202 So.2d 790; Southeast Foods, Inc. v. Penguin Frozen Foods, Fla.App.1967, 203 So.2d 39.
Affirmed.