ADKINS, Justice.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Fourth District (280 So. 2d 529), which allegedly conflicts with a prior decision of this Court (Hume v. G. L. Miller Bond & Mortgage Co., 96 Fla. 337, 118 So. 3 (1928)), and with a prior decision of the District Court of Appeal, Third District (F. A. Chastain Construction, Inc. v. Pratt, 146 So.2d 910 (Fla.App.3d, 1962)), on the same point of law. We have determined that we have jurisdiction pursuant to Fla.Const. art. V, § 3(b)(3), F.S.A.
The present cause arose from an action brought by respondent B. A. Galloway to foreclose a mortgage on property owned by petitioner, and from a cross-claim brought by respondent Kenneth F. Peloquin to foreclose another first mortgage held on the same property. The trial court entered judgments in favor of both Galloway and Peloquin for the $20,000 principal on each of the mortgages plus interest and costs. In the event that the judgments were not paid within three days of the entry of the judgment, the trial judge ordered a public sale of the property. However, the order of the trial court has been superseded pending the outcome of the appeal below and this petition for writ of certiorari.
It appears from the record that petitioner’s brother, Sam Ralston, required the sum of $40,000 to found a company called The Club in the Country, Inc., and that Galloway and Peloquin invested $20,000 apiece in the venture in return for 2,000 shares of stock each, positions as directors and officers in the company, and the subject mortgages as security for their investments in case of the failure of The Club. Thus, petitioner alleges that she received *581 no direct benefit from the investments for which she executed the subject mortgages, except that it appears that other smaller mortgages on the property were satisfied with a portion of the moneys.
In accordance with the security arrangement, each of the mortgages and notes which petitioner executed to Galloway and Peloquin on September 24, 1969, contained the following clause:
“Enforcement of this mortgage is subject to the conditions of the Organizational Minutes of September 24, 1969, of The Club in the Country, Inc.”
The minutes of said meeting contain the following language relied upon by petitioner :
“First mortgages were executed by the sister of Sam Ralston, Minerva A. Voght, to B. A. Galloway and Kenneth F. Peloquin as security for their investments and in accepting same, the mortgagees agree to release and satisfy said mortgages upon their portion of profits being realized to them, whether distributed or undistributed, after corporate taxes, or bonuses to them from the corporation equivalent to the return they would otherwise be entitled to under the underlying notes, but reserve their right to otherwise enforce the mortgages after three years from this date or in the event the corporation fails to meet its debts 90 days after they become due.”
Petitioner contends that there exists a condition precedent to enforcement of the mortgages—the passage of three years, or the failure of the corporation to meet its debts for 90 days after they become due— and that neither respondent alleged that either of the conditions had come to pass.
As provided in Hume v. G. L. Miller Bond & Mortgage Co., supra:
“Where the mortgagee’s right to foreclose is dependent upon a condition precedent, the complaint should distinctly aver the performance of such condition.” 118 So. 3, p. 4.
A review of the record in the instant cause convinces us that petitioner is correct in her contention that there existed a condition precedent to the enforcement of the. mortgages, and also that respondents failed to allege the performance of such condition. Therefore, petitioner is correct in her contention that the trial court erred in not requiring respondents to amend their pleadings so as to conform to this pleading requirement.
However, upon a careful review of the record in this case, we cannot say that the procedural error of which petitioner complains has, in any degree, injuriously affected her substantial rights. Accordingly, this Court is barred from reversing on the basis of such error, commonly described as “harmless error.” Fla.Stat. § 59.041, F.S.A.
Our finding is based upon the fact that the record clearly shows that there existed, at the time that Galloway filed his complaint, an outstanding debt of the corporation which was more than 90 days overdue. The complaint was filed January 18, 1971, and the record clearly indicates that The Club in the Country, Inc., through Ralston, its president, had borrowed an additional $1,250 from Peloquin on December 22, 1969, on a 60-day note, and $4,045.39 from Peloquin on a 90-day note on January 15, 1970. These additional debts of The Club, not secured by the subject mortgages, became due on February 22, 1970, and April 15, 1970, by the terms of the notes. It was shown at trial that these notes remained unsatisfied, despite Peloquin’s demands for their payments. Since the debts were due some eleven months and nine months before Galloway filed his complaint, it is clear that the second part of the condition precedent, “the corporation fails to meet its debts 90 days after they become due,” has been met.
*582 Accordingly, petitioner has not been prejudiced by the failure of respondents to allege satisfaction of the condition precedent to enforcement of the mortgages, because she specifically raised the issue of the condition precedent in her pleadings, and the satisfaction of said condition was clearly contested and determined adversely to petitioner in the trial court.
Accordingly, the writ of certiorari is discharged.
It is so ordered.
CARLTON, C. J., and BOYD, McCAIN and DEKLE, TJ-, concur.