SAMUEL H. REMELEE v. REUBEN P. HALL.

*Damages.    Arbitration.*

The true criterion whether one, in an action on a contract, can recover damages for the non-performance of the whole contract, and thus recover damages not sustained when the action is brought or tried, is whether there has been such a breach of the contract as the plaintiff is authorized to consider as entirely putting an end to the contract.

The defendant contracted to furnish the plaintiff with board, fire, lights and housekeeping, as long as the latter should choose. The plaintiff having sued the defendant for an alleged violation of this agreement, all questions of damages connected therewith were by the parties submitted to arbitration. The arbitrators decided that the defendant had violated his contract, and awarded that he pay to the plaintiff a specified sum annually during the latter's life: *Held*, that it could not be said as matter of *law*, that the breach of this contract was not such an entire one as entitled the plaintiff to recover

damages beyond what he had sustained at the time of the arbitration, but that it was a question of *fact* entirely within the province of the arbitrators to decide, whether the breach was entire or partial: and, therefore, that the award ought not to be held invalid, because prospective damages were awarded thereby.

*Held,* also, that the award was not rendered void by its provision for the payment by the defendant of a stipulated sum annually to the plaintiff during the latter's life.

Arbitrators are not bound to follow the strict rules of law, or even what they deem to be such, unless it be a condition of the submission that they shall do so; and when there is no such condition, courts will not refuse to enforce an award, on the ground that the arbitrators have not followed strictly legal rules in hearing and deciding a case, unless it be shown that thereby manifest injustice has been done.

DEBT upon an award. The case was tried by the court, at the December Term, 1858,— BENNETT, J., presiding,— upon the following facts, which were agreed upon by the parties.

The plaintiff had brought an action against the defendant for the alleged breach of a contract between them by which the latter, in consideration of the conveyance to him of a farm by the plaintiff, and of the payment of one hundred and twenty-five dollars per year, agreed that the plaintiff and his daughter Clarissa should live with the defendant, and have the privileges of board, fire, lights and housekeeping, to be furnished by the defendant as long as the plaintiff and his daughter should choose.

During the pendency of this action, a written submission to arbitration was entered into between the parties, the material portion of which was as follows:

"We mutually agree to submit to the arbitrament of Samuel Swift, Harvey Munsill and Samuel E. Cook, as arbitrators, all questions of damages growing out of an alleged violation of an agreement in writing signed by said Hall and wife, to support said Remelee and Clarissa, his daughter; also all claims and matters of difference between said parties, in relation to rails upon the farm, now owned by Hall, and conveyed by Remelee aforesaid to him, and which rails are now upon the farm at the time of such conveyance; also all matters of difference between said parties relating to farming tools, at any time had or used by said Hall, belonging, or which had belonged to said Remelee."

The arbitrators having accepted the appointment, and having duly notified and heard the parties, made and published the following award in writing:

"Whereas, Samuel H. Remelee and Reuben P. Hall, both of Cornwall, in the county of Addison, by their agreement in writing, did mutually agree to submit to the arbitrament of the undersigned Samuel Swift, Harvey Munsill and Samuel E. Cook, as arbitrators, 'all questions of damages, etc' [reciting the submission]. And we the said arbitrators having met the said parties and heard them by their witnesses and counsel, on the 14th and 15th days of July, 1857, do hereby decide and award that the said Reuben P. Hall is not liable to pay for the rails or farming tools, as claimed by the said Remelee, and in relation to all questions growing out of an alleged violation of an agreement to support said Remelee and his daughter Clarissa, as specified in said articles of submission, we decide and award that the said Hall did violate said agreement, and did refuse to perform the same, and do therefore find and award that he pay to the said Remelee, on the 30th day of December, 1857, the sum of seventy-five dollars, and on each succeeding thirtieth day of December, during the natural life of the said Remelee, seventy-five dollars, or at the rate of seventy-five dollars annually, and that he, said Hall, pay to the said Remelee forthwith, the sum of thirty dollars for arbitrators' fees, and that the payment of said sums shall be in full of all claims on the part of said Remelee against the said Hall, as submitted to us."

This action is brought to recover the sum of seventy-five dollars, payable according to the award on the 30th of December, 1857, and interest thereon.

The parties further agreed, that if upon these facts the court should be of opinion that the plaintiff was entitled to recover, judgment should be entered for the plaintiff for seventy-five dollars, with interest from December 30, 1857, and costs; otherwise that judgment should be entered for the defendant.

Upon these facts the court rendered judgment for the defendant, to which the plaintiff excepted.

*J. W. Stewart*, for the plaintiff.

Remelee v. Hall.

*E. J. Phelps,* for the defendant.

POLAND, J. The first objection made to the validity of the award made by the arbitrators is, that they treated the contract between the parties, which formed the subject of difference, and of the submission, as having been so entirely broken and violated that they awarded damages for the whole period the contract was to continue, though the whole time had not elapsed. It is insisted that in the action which had been brought, or in any action which could have been brought for the breach of it before its final termination, the plaintiff could only have recovered such damage as he had sustained when he brought his suit. It is not true, however, as a general rule, that a party can not in a suit at law recover damages beyond what he has actually sustained at the time of bringing his suit, or even at the time of trial. In all cases of actions for personal injuries by the wrongful act or neglect of another, the plaintiff recovers not only for such damages as he has sustained, but for all such as he will in future suffer from the injury, and he can not bring successive actions. Nor is the principle general in its application to actions for the breach of contracts, the performance of which is to extend through a period of time which has not elapsed when the action is brought, or when the suit is tried.

The true criterion, whether a party in such action can recover damages for a non-performance of the whole contract, and so for damages not sustained when the action is brought and suit tried, is, whether there has been such a breach of the contract as authorizes the plaintiff to treat it as entirely putting an end to the contract. Whether this is so or not, must depend upon the facts of each particular case, and often it is nice and difficult to determine whether the breach of such continuing contract is *entire* and *total,* so as to entitle the party to recover damages for an entire non-fulfilment, or only *partial* and *temporary,* so that a party can recover only such damages as he has already sustained, and he must still accept the performance of the residue of the contract, if the other party will fulfil it. In the case of this contract there might be such a breach of the contract as would entitle the plaintiff to maintain an action which would not authorize a recovery

as for an entire breach ; some slight omission to fulfil the contract in relation to fire or lights, accidental or even negligent, but not gross or wilful.

At the same time, if the defendant should wholly and absolutely refuse to keep the plaintiff for a long period of time, and compel him to furnish a house and maintenance for himself, with notice that the defendant did not intend further to perform the contract on his part, or if he should grossly and wantonly ill treat the plaintiff, so that he could no longer live quietly and comfortably with the defendant, we think such a breach might well be regarded as *entire*, and justify a recovery of damages for the full term of the contract.

It can not be said then, as a proposition of law, that a breach of such a contract will, or will not, entitle a party to damages beyond what he has already in fact sustained, but it becomes a question of fact for the jury to say in each case, whether the breach is *entire* or *partial*. In this case it was of course a question for the arbitrators to decide, and as every reasonable intendment is to be made to support the judgments of these tribunals of the parties' own creation, we are bound to suppose that the breach of the contract was such as to entitle the plaintiff to recover for an entire non-fulfillment.

But if this were doubtful in point of law, we do not think the award would thereby be invalidated.

Arbitrators are not bound to follow even what they themselves deem to be the strict rules of law, unless it be a condition of the submission that they shall do so, and when the submission contains no such condition, courts will never set aside an award, or refuse to enforce it, because the arbitrators have not followed strictly legal rules in hearing and deciding a case, unless it be shown that thereby manifest injustice has been done.

II. The defendant also claims that the award is void, because the arbitrators awarded the defendant to pay a certain sum annually to the plaintiff during his life, which renders the award uncertain as to the amount which the defendant will eventually be made liable to pay.

It is undoubtedly true that a court of law could not, in an action on this contract, have rendered any such judgment, or

even any judgment for payment by instalments; the judgment must have been for a certain sum, payable at once. But arbitrators confessedly have more extended powers in this respect than a court of law, and more like the power of a court of chancery; they may award that payment be made at a future day, and as we think by instalments, and may clog its payment by requiring the performance of conditions by the other party, before any payment at all be made.

The great question in the case however, and the only one upon which we have doubted, is, whether this award is in a legal sense uncertain, because the amount the defendant is to pay by this award depends upon the duration of the plaintiff's life. We think it is hardly proper to say that the award for this reason is *uncertain*. A contract to pay such sum on such a contingency, would not be void for uncertainty by any means. It is rather a case where the payment of a portion of the award is made to depend upon a contingency. Was it within the legal power of the arbitrators to to make their award in this manner? It may well be conceded, we think, that in ordinary cases of submission to arbitrators of disputed pecuniary claims, when the award is to be for the payment of whatever sum the arbitrators may find due from one to the other, and there is nothing in the submission to give the arbitrators any other power except to make an unconditional and absolute award, an award making the payment to depend upon any such contingency would be invalid, as being without the power conferred by the submission of the parties. But in the present case, the very contract between the parties which formed the subject matter of the submission, was dependent on the same contingency as to the extent of the defendant's liability, and as the arbitrators found the contract had been wholly violated and ended by the act of the defendant, the damages the plaintiff was entitled to were of course dependent on the same contingency. Under these circumstances and under this submission, we think it was fairly within the scope of this submission and the fair understanding of the parties to it, that the arbitrators might make their award in this form.

It is objected also that this award is unreasonable, that if the

plaintiff lives for a long period the defendant will be compelled to pay a large sum, and much more than he ought to pay. But this very objection to the award would equally lie to the original contract between the parties. The contract was to furnish the plaintiff his support for life, if he chose to live with the defendant, in consideration of a farm already conveyed, and the payment of a small sum annually, less than the cost of such support.

This contract had been violated and ended by the act of the defendant; the damages which the plaintiff had suffered, or would suffer, were of course wholly dependent upon how long he would be entitled to support under this contract. It might be easy enough for the arbitrators to determine what his contract would be worth to him by the year, that is, the expense of his support under the contract above what he was to pay annually; but for how many years he would live to need the support would be wholly a matter of conjecture. The arbitrators would have been justified under this submission in making an estimate of the time the plaintiff would probably live, or refer to the tables which have been made, based upon long and careful examination by life insurance companies, as the general average duration of human life, and have given a gross sum based on such calculation.

A court of law must of course have given such a judgment. But it is manifest that such an award might have proved grossly unjust in the particular case, and really wholly at variance with the spirit of their contract.

If damages had been given the plaintiff in gross, estimating that he would live to the average age of man, and had been paid, and the plaintiff died immediately after, it would be plain that the defendant had been made to pay altogether beyond what it would have cost him to fulfill the contract. So on the other hand if the plaintiff should live far beyond the ordinary expectation of life, such an award would be unjust to him, and not be as beneficial to him as a fulfillment of the contract by the defendant. The award as made, assuming that the arbitrators have correctly estimated the annual loss, does equal and exact justice to both parties, and whether the plaintiff lives longer or shorter, each party suffers and receives substantially what he expected under

the original contract. Instead, therefore, of the award being unreasonable, we think it eminently just and reasonable, and not invalid for any of the objections made to it.

The result is, therefore, that the judgment of the county court is reversed, and judgment rendered for the plaintiff according to to the agreement of the parties.