(73 App. Div. 453.)

DISKEN v. HERTER.

(Supreme Court, Appellate Division, First Department. June 20, 1902.)

1. CONTRACTS—PROOF OF—SUFFICIENCY.
    In an action for breach of contract whereby plaintiff was to plaster several houses for defendant, defendant claimed that there was merely an agreement to contract in case no one else would agree to do the work for less than plaintiff's offer, and that it was agreed there should be no contract until the terms of the agreement were reduced to writing. Plaintiff claimed his offer was accepted and terms of payment agreed on, and other witnesses present when the transaction took place corroborated plaintiff. Held, that a finding that there was a contract was warranted.

2. SAME—AGREEMENTS TO PUT CONTRACT IN WRITING—EFFECT.
    Where all the substantial terms of a contract have been agreed on, and there is nothing left for future settlement, the fact, alone, that it was the understanding that the contract should be formally drawn up and put in writing, did not leave the transaction incomplete and without binding force, in the absence of a positive agreement that it should not be binding until so reduced to writing and formally executed.

3. SAME—FINDINGS.
    Where, in an action for breach of contract whereby plaintiff was to plaster certain houses for defendant, defendant claimed there had been no contract because of plaintiff's failure to give a bond as required by the agreement, and the referee found that the objection was a mere afterthought employed by defendant to escape his contract, the fact that subsequent to the agreement plaintiff assented to give a bond did not impair the plaintiff's right to recover, in the view taken by the referee.

Appeal from special term.

Action by Martin Disken against Maria Anna Herter. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

P. J. Rooney, for appellant.

Percival S. Menken, for respondent.

PATTERSON, J. This appeal is from a judgment entered upon the report of a referee in an action brought to recover damages for the breach of a contract.

It appears that the defendant was the owner of five houses in the borough of Manhattan in the city of New York, and that her husband, one Peter Herter, acted as her agent in making contracts connected with the construction of those houses. It is alleged in the complaint that on or about the 4th of June, 1901, a contract was entered into by the plaintiff with the agent, Peter Herter, under which contract the plastering work for such five houses was to be done by the plaintiff, and all materials necessary therefor furnished by him, with the exception of sand, for the agreed price of $24,000. It is also alleged in the complaint that the plaintiff entered upon the performance of the contract, but in September, 1901, the defendant prevented him from going on with the work under the contract of performing or completing the same.

The issue tried before the referee was mainly one of fact, namely, whether a contract had been entered into between the plaintiff and the defendant's agent. The contention on the part of the defendant is that no contract was made, but merely an agreement to contract under certain circumstances. It was alleged by the defendant that no contract was to be binding until the plaintiff gave a bond for the proper performance of the work to be undertaken, and that the whole matter was to remain in fieri until a written contract was executed between the parties, and those two facts, the defendant insists, were abundantly established by the evidence before the referee. It appeared in the evidence introduced by the plaintiff that on the 4th of June, 1901, he saw Peter Herter, and offered to do the work for $25,000, but at the same interview reduced that amount to $24,000. The nature of the work to be done was generally understood; that is to say, it was the plastering work for the five houses. At the conversation between those parties in June there were present several other persons, the effect of whose testimony is to corroborate the plaintiff in his statement that at that time Herter stated that the work would be given to the plaintiff if he would do it for $24,000. It was also testified to that, at that interview, the payments were referred to; one half was to be made at a certain stage of the work, and the inference fairly is that the other half was not to be paid until the completion of the job. It is further testified to that the plaintiff was to begin the work as soon as it was ready for him. Peter Herter testified, in effect, that no such arrangement had been made, and that in the interview on June 4th he stated to the plaintiff that if the plaintiff would furnish a bond, then,

if he would call a week later, they would arrange about the payments, and make a final agreement about a written contract, upon condition that no one else would come and offer to do the work for $22,000 or below that amount. Some delay took place, and the plaintiff going in July to inquire about the matter, according to his statement, mention was for the first time made about furnishing a bond, which, he suggests, he proceeded to obtain; that is to say, he proceeded to arrange for. The bond was not furnished, as it subsequently appeared, because Peter Herter refused to sign a written contract with the plaintiff, and the surety company that was to give the bond would not execute one unless a written contract were entered into between the parties to this action. The determination of the question of fact as to whether a contract had actually been made, and the minds of the parties had met respecting the terms of that contract, depended largely upon the conflicting testimony of the plaintiff and Herter, although the referee states in his opinion, and he is justified in his statement, that his conclusion respecting the facts is based to a considerable extent upon what Peter Herter himself testified to. Upon reading the entire record we are not inclined to differ with the referee in the view he took of the force and effect of the whole evidence on this subject. That evidence justified the finding that a valid contract was made in June, 1901, between Peter Herter and Disken, by which the latter should do the plastering work for the five houses, as alleged in the complaint. The evidence shows that two other persons had made estimates to do the same work for a sum in excess of that named by the plaintiff. One, Donelan, had asked $26,650; another, Thomas Kiernan, had asked $26,000. Both of those parties had made their estimates or bids in May, 1901. On the 4th of June, when the plaintiff made his bid at lower figures than those of the other persons, and had his conversation with Peter Herter, witnesses other than the plaintiff, who were present at that interview, testified in effect that his bid was accepted and the terms substantially agreed upon.

That it was the understanding that the contract should be formally drawn up, and put in writing, did not leave the transaction incomplete and without binding force, in the absence of a positive agreement that it should not be binding until so reduced to writing and formally executed. All the substantial terms were agreed upon; there was nothing left for future negotiation or settlement; and under those circumstances the rule announced in Sanders v. Fruit Co., 144 N. Y. 209, 39 N. E. 75, 29 L. R. A. 431, 43 Am. St. Rep. 757, applies. All that seems to have been left open was the exact date at which the plaintiff should begin the work, and he from time to time, after the 4th of June, made application to Herter for information as to when he should so begin, and he went to the five buildings on different occasions to ascertain their condition, so that he might be advised of the proper time at which to commence the plastering.

The referee was justified in concluding that, after a valid and enforceable contract had been made between the plaintiff and Herter, the latter, finding that he could make a more advantageous contract, sought to evade the obligation that had been assumed with the plaintiff by putting him off and resorting to subterfuges in the hope of hav-

ing the plaintiff abandon the contract. While the plaintiff was making the effort to get from Mr. Herter information as to the time at which the work of plastering should begin, the latter carefully concealed from him the fact that on the 17th of June, he, Herter, had made a contract for the plastering of these buildings with the firm of Zimmerman & Flood for a sum $5,600 less than that he had promised to pay to the plaintiff. The motive which prompted the endeavor of Herter to repudiate his contract with the plaintiff is thus clearly revealed. Concerning the objection that no binding contract was made, because of the failure of the plaintiff to furnish the bond, it is sufficient to say that on that issue of fact the referee was fully justified by the testimony in finding that that objection was a mere afterthought and subterfuge, and one of the elements introduced into the case by Herter after he had made his contract with Zimmerman & Flood on the 17th of June. That some time in September, 1901, the subject of giving a bond was brought up between Peter Herter and the plaintiff, and the latter assented to giving a bond, does not impair the plaintiff's right to recover damages, in the view very properly taken by the referee of the conduct and purposes of the defendant's agent.

On all the facts, as they are disclosed in the record before us, the judgment should be affirmed, with costs. All concur.