PALLARDY-WATROUS INSURANCE AGENCY v. M. TUCKER, INC.

163 So. 284.
Opinion Filed September 21, 1935.
Rehearing Denied October 10, 1935.

*Claibourne M. Phipps, Thos. M. Watrous* and *Reginald L. Williams,* for Plaintiff in Error;

*Baxter, Clayton & Watson,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment on demurrer.

Plaintiff filed declaration in the Circuit Court of Alachua County. Demurrer to the declaration was overruled. Thereupon defendant filed pleas. Demurrers were interposed to the pleas. The demurrers to the pleas visited back on the declaration and sustained as to the declaration. Plaintiff was allowed time in which to amend and declining to amend, judgment was entered on demurrer sustained.

The order on demurrer and motion to strike was in the following language:

"This cause coming on to be heard upon the demurrer of the plaintiff to the 3rd and 6th pleas of the defendant and upon the motion of the plaintiff to strike the 1st, 2nd, 3rd, 4th, 5th and 6th pleas, and the same having been argued by counsel for the respective parties and considered by the Court. The Court is of the opinion that there can be no recovery for annual premiums which have not yet accrued and/or premiums that will accrue from date to September 1, 1939, under the declaration in this cause; therefore, the Court treats the demurrer to the 3rd and 6th pleas as reaching back to the declaration.

"THEREUPON, it is considered by the Court that the demurrer be and the same is hereby sustained as to said declaration and the plaintiff allowed until the Rule Day in February, 1934, in which to file Amended Declaration as it may be advised.

"The Court, having sustained the demurrer to the declaration, does not consider or pass upon the motion to strike."

The declaration in effect alleged that M. Tucker, Inc., executed a trust deed to the Southern Mortgage Company, a corporation, and B. M. Jackson as trustees, encumbering certain real and personal property located in Alachua County, Florida, for the purpose of securing the payment of certain bonds therein described. That amongst other things the trust deed provided:

"SECTION 6. And the said Company further covenants and agrees that it will, at all times, so long as any of the bonds secured hereby are outstanding and unpaid, keep insured against loss by fire to their full insurable value the buildings and improvements during and after construction, located on the property hereinabove described, and the furniture and fixtures installed therein, said insurance to be in an insurance company or companies satisfactory to the

Trustees; and the Company further covenants and agrees that it will keep said buildings and improvements insured against loss by tornado in the sum of not less than Fifty Thousand Dollars ($50,000.00), said insurance to be in an insurance company or companies satisfactory to the said Trustees. The Company further covenants and agrees that it will promptly pay all of the premiums on said policies of insurance, and that all such policies of insurance shall be made payable first to the Trustees by means of Standard New York Mortgage Clauses, if such be obtainable, as their interest may appear for the benefit of the holder or holders of the bonds secured hereby, and secondly to the holder or holders of any second mortgage notes that may be secured by a second mortgage or deed of trust on the property, and said policies shall be delivered to the Corporate Trustee for the benefit and protection of the bondholders.

"The Company further covenants and agrees that so long as any of the bonds issued hereunder and secured hereby shall remain outstanding it will place through the Mortgage & Securities Company in New Orleans, Louisiana, or any insurance agent or agents, designated by it and duly qualified to do business and issue policies in the State of Florida, the fire and tornado insurance called for under the provisions of this Indenture."

That afterwards for valuable consideration Mortgage & Securities Company named in the trust deed designated and appointed Pallardy-Watrous Insurance Agency, Inc., pursuant to the provisions of said trust deed as the agent through whom the insurance should be written during the period of the loan as prescribed in the deed of trust, or as long as any of the bonds issued thereon should be outstanding and by reason of this appointment and contract the plaintiff became and was entitled to write, or to have writ-

ten, all the insurance called for by the said deed of trust during the period of said loan. That the appointment was recognized by the owner for a period of some two years during which time the insurance was written through a sub-agent or broker designated by the plaintiff and the plaintiff received commissions on account of the same. That notwithstanding these facts, the defendant repudiated the agreement so contained in the deed of trust and notified the plaintiff that it will refuse to accept or pay for any insurance written by the plaintiff under such provisions and has totally breached and repudiated the contract.

The declaration alleges that the amount of insurance which was agreed upon between the parties to the trust deed as the insurable value of the building and personal property, and which has been agreed to be carried and which has been carried in policies written by the plaintiff, is as follows:

Fire insurance on building_____ $75,000.00
Tornado insurance on building_____ 45,000.00
Fire insurance on seats_____ 8,000.00
Tornado insurance on seats_____ 5,000.00

That the commissions which plaintiff would earn on such insurance if same were written through it in accordance with the terms of the deed of trust would amount to $193.12 per annum. That the term of the loan covered by the said deed of trust included the first day of September, 1939, and that under the terms of the agreement above referred to plaintiff is entitled to write the said insurance up to and including the year 1939 and to receive the commissions which the plaintiff had earned during said period which would amount to $1,931.26, for which amount the plaintiff sued.

That under the allegations of the declaration the plaintiff has a valid cause of action is well settled. It is immaterial that plaintiff was not a formal party to the contract. Such

provisions as above quoted contained in the contract are so inserted for a definite purpose. Such provisions have been considered by this Court in numerous cases. Here the contract not only provided that the building and personal property therein should be kept insured by the grantor named in the trust deed, which provision would have amply protected the grantee. But the obligation was enlarged so as to include the provisions hereinabove quoted by which it was agreed that so long as any of the bonds issued thereunder and secured thereby shall remain outstanding the owner wll place through the Mortgage & Securities Company in New Orleans, La., or any insurance agent or agents designated by it and duly qualified to do business and issue policies in the State of Florida, the fire and tornado insurance called for under the provisions of the trust deed. This clause must be construed to have been inserted for the benefit of Mortgage & Securities Company in New Orleans, La., and any insurance agent or agents designated by it.

The declaration alleges that the plaintiff was so designated for the full term of the contract. Therefore, the plaintiff is entitled to maintain his action on that contract. See Bruce Construction Co. v. Federal Realty Corporation, 104 Fla. 93, 139 Sou. 209; First National Bank v. Perkins, 81 Fla. 341, 87 Sou. 912; American Surety Co. of New York v. Smith, 100 Fla. 1012, 130 Sou. 440, and cases there cited. See also Marianna Lime Products Co. v. McKay, 109 Fla. 275, 147 Sou. 264.

So the next question for us to consider is whether or not the plaintiff may recover the yet unearned premiums which would accrue on the amount of insurance required to be carried after the date of the institution of the suit. The question as presented by the plaintiff in error, and which we think is properly framed, is:

"Where plaintiff under contract is entitled to receive commissions upon insurance to be written in the future, is the present value of such future commissions calculated as of the time of the breach too uncertain and speculative to be recovered in an action for such purpose?"

It seems to us that it must be conceded that the measure of damages is neither speculative, uncertain nor remote. The contract fixes the amount of the insurance to be carried and the minimum term for which it is to be carried. The commissions on that amount of insurance are definitely fixed. and, therefore, the amount which plaintiff is entitled to is ascertainable by mathematical calculation.

In Sullivan v. McMillan, 26 Fla. 543, 8 Sou. 450, this Court said:

"Where the time for the performance of an executory contract has arrived, or where the contract is being performed, and one of the parties notifies the other unequivocally that he will not perform or further perform his part, or will not accept performance by the other, the latter may treat the contract as put to an end or entirely broken by the former, and, if ready and willing to perform his part, sue him at once for an entire breach of contract, without waiting for the expiration of the time it would take to complete the contract, and can recover as damages the same profits that he would have earned had he entirely performed the contract."

And in the body of the same opinion, it was said by Mr. Chief Justice RANEY:

"Concluding as we do that there has been an unequivocal refusal by the executors to receive any more logs under the contract, or what is termed an entire breach or renunciation of the contract, the question resulting is: the effect of such breach or renunciation as to the plaintiff's right to sue.

It has been held both in England and our own country that where one party, even before the time for performance of the contract has arrived, renounces it to the other party, the latter may act on the renunciation, treat the contract as broken, and sue before the time for performance. Thus in Hochster v. De la Tour, 2 E. & B. (75 E. C. L.) 678; 20 Eng. Law & Eq., 157, A. D. 1853, the contract was for the services of one of the parties as a courier for the other for a period of three months' from a specified future day, June 1, 1852, at agreed monthly wages, and before the day for the commencement of the employment, the employer wrote the other party that he had changed his mind, and declined his services. He refused to make any compensation and the other party sued him eight days before the day named in the contract for the commencement of the services. The jury found for the plaintiff, and it was held by the Court of Queen's Bench on motion in arrest of judgment that the plaintiff did not have to wait until after the time agreed on for the commencement of performance, but was entitled to sue upon the renunciation of the contract.

"Again, in Frost v. Knight, L. R., 7 Exchequer Cases, iii, where the defendant promised to marry the plaintiff as soon as his, defendant's, father should die and during his father's lifetime defendant refused absolutely to marry plaintiff, and plaintiff sued for breach of promise, the defendant's father being still alive, it was held by the Exchequer Chamber on appeal in 1872, reversing the decree of the Court of Exchequer, that there had been a breach of contract, upon which action would lie before the death of the defendant's father. The decision in Holloway v. Griffith, 32 Iowa 409, is in accord with the doctrine of Frost v. Knight, *supra,* although decided before that case had been disposed of on appeal. In Fox v. Pitten, 19 Ill. 519, it is held that a mort-

gagee was authorized to execute the powers given him by the mortgage upon the mortgagor's declaring that he would not comply with the terms of a subsequent agreement giving him an extension of time and looking to a satisfaction of the mortgage. Burtis v. Thompson, 42 N. Y. 246; Crabtree v. Messersmith, 19 Iowa 179; Chamber of Commerce v. Sollitt, 43 Ill. 519; Follansbee v. Adams 86 Ill. 13; Dugan v. Anderson, 36 Md. 567; Grau v. McVicker, 8 Miss. 13. In Daniels v. Newton, 114 Mass. 530, decided in 1874, the decision is that an action for a breach of a written agreement to purchase land brought before the expiration of the time given for the purchase cannot be maintained by proof of an absolute refusal on defendant's part ever to purchase. See also Nason v. Holt, *Ibid,* 541. In Daniels v. Newton, the opinions in Hochester v. De la Tour, and Frost v. Knight, are ably reviewed by WELL, J., speaking for the Court, and his views suggest with great force the necessity for careful consideration (when the precise question shall be before us), whether a refusal by one party to perform, created in the other party a right to sue before the time fixed by the contract for performance, as distinguished from such refusal having the effect merely to relieve the latter party from showing readiness and an offer to perform his part in order to make out a breach by the latter. Parsons on Contracts, Vol. 2, 809, bot. p. 7th ed; Dingley v. Oler, 117 U. S. 502-3; Roper v. Johnson, L. R., 8 C. P. Cases, 167.

"The case at bar does not, however, call for an expression of opinion as between the doctrine of Hochester v. De la Tour and that of Daniels v. Newton. It rests upon another and unquestionable doctrine. The time for performance was on when the breach complained of was committed. The contract was entire and not severable in its character, and had been performed in part at least, and upon

a breach of the entire contract, it being committed by defendant while the plaintiff was ready and willing to perform, the latter became entitled to recover in one action the same damages as if he had fully performed his contract. Remelee v. Hall, 31 Vt. 582, decides that the true criterion whether one in an action on a contract can recover damages for non-performance of the whole contract, and thus recover damages not sustained at the time the action was brought, is whether there has been such a breach of the contract as the plaintiff is authorized to consider as entirely putting an end to the contract."

See also Griffing Bros. Co. v. Winfield, 53 Fla. 589, 43 Sou. 687, and cases there cited.

The cases above referred to thoroughly establish the rule in this jurisdiction which has not been abrogated and, therefore, it is not necessary to cite other authorities on this subject.

We hold that the declaration was sufficient to state a cause of action for the breach of the entire contract and if the plaintiff can maintain the allegations of the declaration it is entitled to recover the present value of the commissions which it was entitled to earn under the terms of the contract.

For the reasons stated, the judgment must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

Reversed and remanded.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.