**ROY L. WILLARD, INC., a Florida Corporation, v. RODNEY MILLER.**

8 So. (2nd) 489                En Banc
May 1, 1942          On Rehearing June 9, 1942
                 Rehearing Denied June 19, 1942

Arthur S. Friedman, for plaintiff in error.
Ward & Ward, for defendant in error.

CHAPMAN, J.:

The question presented for adjudication on this appeal is whether or not appellant's second amended declaration, consisting of two counts, states a cause of action. The Circuit Court of Dade County, Florida, sustained a demurrer to the second amended declaration, and each count thereof, thereby holding that the second amended declaration failed to state a cause of action. Count 1 is viz.:

"1. That at all times herein mentioned the plaintiff was, ever since has been and now is engaged in the plastering business, performing work as a plastering subcontractor for general building contractors; that at all times herein mentioned the defendant was, ever since has been and is now engaged in the business of a general building contractor; that on, to-wit: the 10th day of October, 1939, the plaintiff and the defendant entered into a contract wherein and whereby in consideration of the mutual covenants and promises each to the other made to be by each, respectively, kept and performed, the plaintiff agreed to supply all the plastering work on a construction project known as 'Second Addition to Liberty Square, Miami, Florida,' for which construction project the defendant was the general contractor; and the defendant agreed to pay to the plaintiff the sum of Ninety Thousand ($90,000) Dollars for said plastering work, which sum of Ninety Thousand ($90,000) Dollars was by the tacit agreement of the parties to be paid the plaintiff according to general custom and usage in construction contracts prevailing in Dade County, Florida; to be paid in semi-monthly installments as the work progressed until completion of the entire project when all sums remaining due

were to be paid in full; and that both plaintiff and the defendant had knowledge of said custom and usage at the time the contract between them was made and that the parties hereto in the making of said contract, contracted with reference to the aforesaid custom and usage; that prior to the time when the plaintiff was to start on said plastering work the defendant breached the said contract by (1) notifying the plaintiff unequivocally that he, the defendant, would not perform his part of the said contract; and that (2) that he, the defendant, would not permit the plaintiff to proceed with said work, and ever since has kept, refused and prevented plaintiff from proceeding under said contract; whereby the defendant has totally breached and repudiated the said contract; that prior to such breaches, the plaintiff was at all times ready, willing and able to perform his part of the said contract; that as a result of the said breach and repudiation as aforesaid, the plaintiff was wrongfully deprived of the profits it would have made by virtue of said contract."

The second count is viz:

"2. That at all times herein mentioned the plaintiff was, ever since has been and now is engaged in the plastering business, performing work as a plastering subcontractor for general building contractors; that at all times herein mentioned the defendant was, ever since has been and is now engaged in the business of a general building contractor; that on to-wit: the 10th day of October, 1939, the plaintiff and the defendant entered into a contract wherein and whereby in consideration of the mutual covenants and promises each to the other made to be by each respectively, kept and performed, the plaintiff agreed to supply all

the plastering work on a construction project known as 'Second Addition to Liberty Square, Miami, Florida' for which construction project the defendant was the general contractor, and the defendant agreed to pay the plaintiff the sum of Ninety Thousand ($90,000) Dollars for said plastering work, which sum of Ninety Thousand ($90,000) Dollars was by the tacit agreement of the parties to be paid the plaintiff according to general custom and usage in construction contracts prevailing in Dade County, Florida; to be paid in semi-monthly installments as the work progressed until completion of the entire project when all sums remaining due were to be paid in full; and that both plaintiff and the defendant had knowledge of said custom and usage at the time the contract between them was made and that the parties hereto in the making of said contract, contracted with reference to the aforesaid custom and usage; that subsequent to the entering into of the contract as aforesaid, the defendant advised the plaintiff that it would be necessary to obtain a surety bond in the sum of Ninety Thousand ($90,000) Dollars, conditioned on the plaintiff performing the contract as aforesaid; that thereupon the plaintiff, at his own cost and expense, arranged for the issuance of a surety bond in the sum of Ninety Thousand ($90,000) Dollars in accordance with the request of the defendant; that subsequent to the entering into of the contract as aforesaid, the plaintiff made all necessary arrangements for the procurement of the large amounts of supplies and materials to be used on the construction as aforesaid; that notwithstanding the fact that the plaintiff had made arrangements for the purchase of materials to be used in connection with

said construction, and notwithstanding the fact that the plaintiff had made arrangements for the purchase of materials to be used with said construction, and notwithstanding the fact that the plaintiff had gone through the effort of obtaining surety bond as requested by the defendant, prior to the time when the plaintiff was to start on said plastering work, the defendant breached the said contract by (1) notifying the plaintiff unequivocally and unqualifiedly that he, the defendant, would not perform his part of the said contract; and that (2) that he, the defendant, would not permit the plaintiff to proceed with said work, and ever since has kept, refused and prevented plaintiff from proceeding under said contract, whereby the defendant has totally breached and repudiated the said contract; that prior to such breaches, the plaintiff was at all times ready, willing and able to perform his part of the said contract; that as a result of the said breach and repudiation as aforesaid, the plaintiff was wrongfully deprived of the profits it would have made by virtue of said contract."

Each count of the challenged declaration alleged the making by the parties of a verbal or oral contract and that the contract was in existence, that it was valid, binding and enforceable and provided for the plastering by the plaintiff for the defendant of a designated building for the sum of $90,000.00 and that the defendant agreed to pay plaintiff said sum of money for the contemplated work. The defendant exacted of the plaintiff a surety bond in the sum of $90,000.00, conditioned on the plaintiff performing the contract. The plaintiff expended money arranging for the issuance of the surety bond in accordance with the contract of the parties. Arrangment

for supplies and materials to be used in the construction work were made by the plaintiff. Appropriate allegations of the breach of the contract by the defendant appear.

A bill of particulars as to Counts 1 and 2 of the plaintiff's second amended declaration claim the loss of a profit in the sum of $20,000.00

It is our conclusion that the second amended declaration stated a cause of action and it was error to sustain a demurrer thereto. See Poinsettia Dairy Products Inc. v. The Wessel Co., 123 Fla. 120, 166 So. 306; Pallardy-Watrous Insurance Agency v. M. Tucker, 120 Fla. 895, 163 So. 284; Hazen v. Cobb-Vaughan Motor Co., 96 Fla. 151, 117 So. 853; Sullivan v. McMillan, 26 Fla. 543, 8 So. 450; Duggan v. Matthew Cummings Co., 277 Mass. 445, 178 N. E. 825; Disken v. Herter, 73 App. Div. 453, 77 N. Y. S. 300; 17 C.J.S. pages 1154-5, par. 533.

The judgment appealed from is hereby reversed.

BROWN, C. J., WHITFIELD and TERRELL, JJ., concur.

BUFORD, THOMAS and ADAMS, JJ., dissent.

ADAMS, J., dissents:

I am of the opinion that the alleged contract is void for want of consideration. See Williston on Contracts Revised Ed. Sec. 99 et seq. White v. Bluett, 23 L. J. (N.S.) Ex. 36 12 Amer. Jur. Sec. 113 et seq.

ON REHEARING GRANTED

THOMAS, J.:

The sole question for determination is the sufficiency of a declaration in two counts filed by the plaintiff-in-error against the defendant-in-error and the point of investigation may be further narrowed

to a consideration of the particular defect presented to the trial court in the sixth ground of the demurrer, namely, the vagueness, indefiniteness and uncertainty of the pleading.

The plaintiff was described in both counts as a "plastering subcontractor" and the defendant as a "general building contractor." The gist of the action, averred in identical phraseology in both counts, was that "plaintiff and the defendant entered into a contract wherein and whereby in consideration of the mutual covenants and promises each to the other made, to be by each, respectively, kept and performed, the plaintiff agreed to supply all the plastering work on a construction project known as 'Second Addition to Liberty Square, Miami, Florida' for which construction project the defendant was the general contractor, and the defendant agreed to pay the plaintiff the sum of Ninety Thousand ($90,000.00) Dollars for said plastering work, which sum of Ninety Thousand ($90,000.00) Dollars was by the tacit agreement of the parties to be paid the plaintiff according to general custom and usage in construction contracts prevailing in Dade County, Florida; to be paid in semi-monthly installments as the work progressed until completion of the entire project when all sums remaining due were to be paid in full; and that both plaintiff and the defendant had knowledge of said custom and usage at the time the contract between them was made and that the parties hereto in the making of said contract, contracted with reference to the aforesaid custom and usage. . . ."

In both counts the defendant was charged with having breached the contract by notifying the plaintiff that he, the defendant, would not perform and

would not allow the plaintiff to do so and in both of the counts the damage alleged was the loss "of the profits it [plaintiff] would have made by virtue of said contract." Although the nature of the damage claimed is the same in the first and second counts the latter contained additional allegations that expense was incurred by the plaintiff because he "arranged for the issuance of a surety bond" and "made all necessary arrangements for the procurement of . . . supplies."

We think it is fundamental that the plaintiff must allege the elements of the contract with precision so that the person against whom he seeks redress may properly defend himself in the action, Kennedy v. McDiarmid, 157 Ala. 496, 47 So. 792, Slaughter, et al., v. Barnett, 144 Fla. 352, 154 So. 134, and when this test is applied to the pleading here under scrutiny it is obvious that it is wanting in that degree of certainty with which the agreement should be declared. It will be noted by adverting to the quoted part of the declaration giving the gist of the cause of action that no mention is made of the quality of the work which was to be performed or the quantity of it. It is to be presumed, in the absence of allegations on the subject, that no time for the performance of the contract was agreed upon and no date adopted by the parties as the time for commencement of the work. There is no reference to any plans or specifications and the only means of identifying a particular construction is the allusion to "Second Addition to Liberty Square, Miami, Florida." The status of that so-called addition, whether merely contemplated or projected, or in actual progress, cannot be ascertained from the pleading.

In the second count there is the statement that the plaintiff was advised that it should obtain a surety bond in the same sum it was to receive for the work but these figures shed little light on the supposed agreement because of a total lack of any averment indicating the grade or amount of plastering that was to be done or the speed with which the contract was to be executed. These elements are of great importance because the damage claimed is the loss of profits and these profits would vary according to the quality and quantity of the work and the rapidity with which it was to be done.

Even the statement of the manner of payment for the work as it progressed is decidedly vague. It is alleged that the agreement in this respect was *tacit* and that installments were to be governed by custom and usage "in construction contracts . . . in Dade County." In pleading custom and usage as a basis for evidence of the method of compensation it was necessary to state the custom and usage more specifically. True the periods at which payments were to be made are given but there are no averments of the proportion of the work to be paid for from time to time hence the accumulated amount to be discharged at the completion of the contract.

The declaration did not comprise allegations justifying proof of that feature of the contract. The court cannot take judicial knowledge of custom and usage in a particular locality and they must, therefore, be pleaded with certainty. Pittsburg Steel Co. v. Streety, 61 Fla. 393, 55 So. 67. Essential elements of the contract were not so adequately averred in the declaration as to make it impregnable to attack by demurrer and we conclude that the circuit judge ruled

with unquestionable propriety when he sustained the demurrer to it.

Affirmed.

BROWN, C. J., BUFORD, and ADAMS, JJ., concur.

WHITFIELD, TERRELL and CHAPMAN, JJ., dissent.