630 So.2d 1153 (1993)
Milton B. HOLLANDER and Betty R. Hollander, Appellant,
v.
K-SITE 400 ASSOCIATES, a Florida general partnership, through BEN FRANKLIN PROPERTIES 440, INC., a Florida corporation, its general partner, and Chicago Title Insurance Company, Appellees.
No. 93-509.
District Court of Appeal of Florida, Third District.
December 7, 1993.
Rehearing Denied February 22, 1994.
Scott M. Bernstein, Miami, for appellant.
Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Steven M. Goldsmith and Steven J. Pardo, Miami, for appellees.
*1154 Before HUBBART, JORGENSON and COPE, JJ.
PER CURIAM.
This is an appeal by the plaintiffs Milton B. and Betty R. Hollander from an adverse final judgment entered after a non-jury trial in an action seeking the return of their deposit on the purchase of a condominium unit.
Because on this record it is uncontradicted that (1) the certificate of occupancy for the subject condominium unit was not issued by Dade County until March 6, 1991 and that a prior certificate of occupancy was issued in error, and (2) the sale and purchase contract between the parties required that the subject condominium unit be ready for occupancy by November 2, 1990, subject to certain exceptions for delays in construction which, all agree, could not possibly justify a delay to March 6, 1991, based on the evidence adduced below, we conclude that the defendant developer K-Site 400 Associates, et al., defaulted on the subject contract of purchase and sale by failing to have the subject condominium unit ready for occupancy at a time prior to November 2, 1990 as required by the said contract; accordingly, the plaintiffs were entitled under the contract to a return of their deposit. Moreover, the defendants may not rely on the defense of anticipatory breach of contract because the plaintiffs did not commit such a breach; the defendants never treated plaintiffs' action as such a breach; and, in any event, the defendants were themselves in breach of the contract by failing to complete the condominium unit for occupancy within the time prescribed by the contract. Morley v. Trafalgar Developers of Fla., Ltd., 455 So.2d 391, 394 (Fla. 3d DCA 1984), rev. denied, 464 So.2d 556 (Fla. 1985); see Hospital Mortgage Group v. First Prudential Dev. Corp., 411 So.2d 181 (Fla. 1982); Pallardy-Watrous Ins. Agency v. M. Tucker, Inc., 120 Fla. 895, 163 So. 284 (1935). See generally Restatement (Second) of Contracts § 254 (1979).
The final judgment under review is reversed and the cause is remanded to the trial court with directions to enter judgment for the plaintiffs in this action.
Reversed and remanded.