635 So.2d 33 (1993)
NATIONAL EDUCATION CENTERS, INC., a California corporation, d/b/a Bauder Fashion College, Appellant/Cross-Appellee,
v.
Ira KIRKLAND, Appellee/Cross-Appellant.
Nos. 92-1622, 92-2130, 92-2232 and 92-2961.
District Court of Appeal of Florida, Fourth District.
July 7, 1993.
On Motion for Rehearing February 2, 1994.
Clarification, Rehearing, Rehearing and Certification Denied May 6, 1994.
Ben J. Weaver, Weaver, Kuvin, Weaver, & Lipton, P.A., Fort Lauderdale, for appellant, cross-appellee.
Jerome L. Hall, Jerome L. Hall, P.A., Fort Lauderdale, and Edwin P. Krieger of Quinton, Lummus, Dunwody & Jensen, P.A., Miami for appellee, cross-appellant.
Clarification, Rehearing, Rehearing En Banc and Certification Denied May 6, 1994.
PER CURIAM.
This is an appeal and cross-appeal from a final judgment entered on a jury verdict in appellee's favor on his claim for breach of contract. We find no reversible error on either party's claims, except as to appellant's claim that the trial court erred in failing to limit appellee's damages to the payments due under the contract as of the date of the verdict, plus interest thereon. We agree that absent an acceleration clause or other appropriate means, the appellee did not demonstrate his present entitlement to those future payments. Of course, should appellant fail to make the remaining payments, appellee will have the right to sue for those payments and will be entitled to the res judicata effect of the present judgment in any subsequent action.
Accordingly, we reverse and remand with directions that the trial court enter an amended judgment for payments due as of the date of the verdict plus interest thereon.
ANSTEAD and WARNER, JJ., and MAGER, GERALD, Senior Judge, concur.

ON MOTION FOR REHEARING
MAGER, GERALD, Senior Judge.
In our initial opinion we affirmed the final jury verdict and judgment in favor of appellee on its breach of contract claim; however, we determined the trial court erred in failing to limit appellee's damages to the payments due under the contract as of the date of the verdict, plus interest.
The evidence at trial established appellant permanently stopped making installment payments on an energy system. The jury found appellant breached his contract with appellee and awarded appellee its full contract damages which included both past and future payments. On appeal, we determined appellee was precluded from recovering future payments under the contract but recognized that in the event appellant failed to make them, appellee would be entitled to the res judicata effect of the present judgment in any subsequent action. On rehearing, we *34 now conclude Florida law mandates we affirm the jury's award in its entirety.
A non-breaching party is entitled to recover the benefit of its bargain under a contract. Under the facts of this case, such benefit would include all damages, past and future. The applicable principle of law governing the measure of appellee's recovery appears in 17 Fla.Jur.2d, Damages § 16 (1980):
Whether, in an action on a contract, the plaintiff can recover damages for nonperformance of the whole contract, and thus recover damages not sustained at the time the action is brought, depends, as a general rule, on whether there has been such a breach of the contract as the plaintiff is authorized to consider as entirely putting an end to the contract. If the damages constitute a new cause of action, a new action may, and must, be brought. If on the other hand, the damages are only new damages resulting from the original cause of action, all the damages arising from the breach must be recovered in a single action. Accordingly, where there is a total breach of a contract, all the damages, past or future, which are reasonably certain to occur to the plaintiff may, as a general rule, be recovered in a single action. This is also generally true in the case of an anticipatory breach, as where one party incapacitates himself from performance or unequivocally refuses to perform.
(Emphasis supplied and footnotes omitted.)
The above treatise cites Pallardy-Watrous Insurance Agency, Inc. v. M. Tucker, Inc., 120 Fla. 895, 163 So. 284 (Fla. 1935), in which the Supreme Court of Florida reversed a trial court's finding that there could be no breach of contract claim in connection with an insurance contract for "annual premiums which have not yet accrued" (emphasis supplied). The court, citing one of its earlier decisions, held there could be recovery on the whole contract including unearned premiums. The court said:
In Sullivan v. McMillan, 26 Fla. 543, 8 So. 450, this court said:
Where the time for the performance of an executory contract has arrived, or where the contract is being performed, and one of the parties notifies the other unequivocally that he will not perform or further perform his part, or will not accept performance by the other, the latter may treat the contract as put to an end or entirely broken by the former, and, if ready and willing to perform his part, sue him at once for an entire breach of the contract, without waiting for the expiration of the time it would take to complete the contract, and can recover as damages the same profits that he would have earned had he entirely performed the contract.
(Emphasis supplied.)
The supreme court in Pallardy-Watrous also noted the test "is whether there has been such breach of contract as plaintiff is authorized to consider as entirely putting an end to contract." Id. 163 So. at 287-88. Here, the jury implicitly determined that such a breach occurred. Therefore, we hold the absence of an acceleration clause in the contract does not preclude the jury from awarding appellee both past and future payments as its full contract damages.
Accordingly, we grant rehearing, affirm the judgment below in its entirety and remand this case for further proceedings consistent herewith.
WARNER, J., concurs.
ANSTEAD, J., dissents without opinion.