PER CURIAM.
Condominium unit buyers, Milton B. Hollander and Betty R. Hollander, appeal an amended final judgment which required escrow agent, Chicago Title, to return only those deposit funds held on the date the lawsuit was served. We reverse and direct the trial court to follow the mandate of this court in Hollander v. K-Site 400 Assocs. Through Ben Franklin Properties 440, Inc., 630 So.2d 1153 (Fla. 3d DCA 1993).
A trial court does not have discretionary authority to alter or modify an appellate court’s mandate. See O.P. Corp. v. Village of N. Palm Beach, 302 So.2d 130 (Fla.1974); Berger v. Leposky, 103 So.2d 628 (Fla.1958); Modine Mfg. Co. v. ABC Radiator, Inc., 367 So.2d 232 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla.1979).
Review of the earlier mandate indicates this court concluded that the developer *17 failed to complete construction timely as required by the purchase contract, and that the Hollanders were entitled to receive their deposit money back. This court remanded to the trial court with directions to enter judgment for the Hollanders. Hollander v. K-Site 400 Assocs. Through Ben Franklin Properties 440, Inc., 630 So.2d at 1154.
It was error for the trial court to enter the amended final judgment on remand, which violated the law of the case by vacating the final judgment against Chicago Title. See Airvac, Inc. v. Ranger Ins. Co., 330 So.2d 467 (Fla.1976); Valsecchi v. Proprietors Ins. Co., 502 So.2d 1310 (Fla. 3d DCA 1987). Accordingly, we reverse and remand with directions to the trial court to enter a judgment for money damages for the entire amount of the deposit against both Chicago Title and K-Site. See Torres v. Jones, 652 So.2d 893 (Fla. 3d DCA 1995).
Reversed and remanded.