Frank **COGHLAN** III, Joanna L. Coghlan, **Individually and on Behalf of All Other Similarly Situated Persons,**

v.

**AQUASPORT MARINE CORP.,** Wellcraft **Marine Corp., Genmar Industries, Inc., and Genmar Holdings, Inc.**

No. Civ.A. G–99–355.

United States District Court, S.D. Texas, Galveston Division.

Nov. 18, 1999.

Edward F. Fernandes, Solar & Fernandes, Houston, TX, for Frank E. Coghlan, III, plaintiff.

David J. Beck, Beck, Redden and Secrest, Houston, TX, Arthur M. Glover, Jr., Glover Anderson, Houston, TX, for Wellcraft Marine Corporation, defendant.

### ORDER DISMISSING PLAINTIFFS' CLAIMS WITHOUT PREJUDICE

KENT, District Judge.

Plaintiffs, dissatisfied boat owners, brought suit against Defendants, alleging a violation of the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2301–2312 ("MMWA"). The MMWA violation was predicated on an alleged breach of the implied warranty of fitness for a particular purpose. Plaintiffs also brought claims of fraud, negligent misrepresentation, unjust enrichment and civil conspiracy under Texas law.

In an Order dated October 8, 1999, the Court sua sponte dismissed Plaintiffs' claims, without prejudice, on the ground that Plaintiffs had failed to allege legally cognizable damages. The complaint was defective because Plaintiffs had alleged purely hypothetical injuries, not the sort of concrete, actual, and palpable damages required to state legally cognizable damages. The Court invited Plaintiffs to amend their Complaint to cure the deficiencies identified in the October 8 Order.

Now before the Court is Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Complaint, Motion to Vacate the Court's October 8, 1999 Order, and Motion to Transfer. For reasons explained more fully below, this Motion is **DENIED** in its entirety.

### Analysis

The crux of Plaintiffs' complaint is that their Aquasport 205 fishing boat, which they expected to be of all fiberglass construction, actually contains a small amount of fiberglass coated wood. Plaintiffs are concerned that this coated wood may rot, necessitating expensive repairs sometime in the future. Moreover, Plaintiffs believe they have suffered economic injury because they paid for an all-fiberglass boat, but received a nearly all fiberglass boat.

In the previous Order, Plaintiffs were invited to allege legally cognizable damages by pointing to some actual and palpable injury they suffered as a result of Defendants' conduct. Yet in their proposed Amended Complaint, Plaintiffs still fail to allege concrete injuries. The boat is still not said to have *actually* rotted. The boat's *current* handling and maneuverability are still not maligned. Although Plaintiffs *speculate* about economic loss, Plaintiffs do not point to some identifiable loss in resale value as compared to comparable fishing boats. Thus even in their proposed Amended Complaint, Plaintiffs continue to allege that they *may* suffer injury in the future. As was pointed out in the previous Order, a "federal court is not the proper forum in which to air metaphysical speculations about theoretical injuries."

Plaintiffs have not repaired the defects in their Original Complaint. In their proposed Amended Complaint, Plaintiffs have shifted ground, and now allege violations of Florida, not Texas, law. Plaintiffs also recast their injury as consisting of a failure to receive "the benefit of their bargain

with Defendants." But to say that Plaintiffs failed to receive the benefit of their bargain with Defendants is to merely re-word the original Complaint without specifically addressing the previously identified deficiencies.

It is noteworthy that Plaintiffs fail to squarely address the copious precedent cited by this Court for the proposition that damages must be actual and palpable in order to be legally cognizable. Rather than grapple with this precedent, Plaintiffs cite various Florida cases which, they claim, illustrates that Florida law permits a plaintiff to plead legally cognizable damages without alleging actual and palpable injuries. Plaintiffs cite *Fort Lauderdale Lincoln Mercury, Inc. v. Corgnati*, 715 So.2d 311 (Fla.Dist.Ct.App.1998); *Nordyne Inc. v. Florida Mobile Home Supply, Inc.*, 625 So.2d 1283 (Fla.Dist.Ct.App. 1993); *National Educ. Ctrs. Inc. v. Kirkland*, 635 So.2d 33 (Fla.Dist.Ct.App.1993).

These cases do not support Plaintiffs' contention that Florida law authorizes a plaintiff to plead merely theoretical injuries. In *Corgnati*, the plaintiff claimed that a car he bought from a dealership had been involved in a serious accident, yet was represented to him as being new. *See Corgnati*, 715 So.2d at 313. This is a palpable injury: if plaintiff's allegations were true, then the plaintiff suffered an actual injury because the car had, in fact, already been damaged by a severe collision, and consequently the resale value of the car had, in fact, already been diminished. In *Nordyne*, the jury found that the plaintiff suffered actual damages to his business because defendant did not permit plaintiff to distribute defendant's products. *See Nordyne*, 625 So.2d at 1285. In *Kirkland*, the plaintiff was actually damaged by defendant's breach of contract, because defendant "permanently stopped making installment payments on an energy system." *See Kirkland*, 635 So.2d at 33. Contrary to Plaintiff's suggestion, the plaintiffs in *Corgnati*, *Nordyne*, and *Kirkland* all alleged they suffered actual, non-theoretical injuries.

Florida, like other jurisdictions, requires a plaintiff to allege palpable damages. *See Casey v. Welch*, 50 So.2d 124, 124 (Fla.1951) (dismissing fraud complaint where record was "devoid of evidence that plaintiff was injured by the defendant's misrepresentation", reasoning that "it is of the very essence of an action of fraud or deceit that the same shall be accompanied by damage, and neither damnum absque injuria nor injuria absque damnum by themselves constitute a good cause of action"); *Maroone Chevrolet, Inc. v. Nordstrom*, 587 So.2d 514, 518 (Fla.Dist.Ct.App. 1991) (rejecting unfair and deceptive trade practice claim under Florida law where plaintiff "suffered absolutely no damages as a result of the alleged breach of warranty"); *Cape Cod Trust Co. v. Wixon*, 143 So.2d 339, 339 (Fla.Dist.Ct.App.1962) ("It is fundamental that fraud and deceit, if not acted· on or accompanied by injury, are moral, not legal wrongs"); *Wolfson v. Baker*, 444 F.Supp. 1124, 1137 (M.D.Fla.1978) (dismissing fraudulent misrepresentation claim because "the failure to allege any damages proximately resulting therefrom precludes [plaintiff's] recovery under Florida law, since actual injury is a necessary element of that tort").

In order to plead legally cognizable damages, Plaintiffs are required to allege palpable and concrete injuries. This they have failed to do. Florida law imposes the same requirement. Thus even if the Court permitted Plaintiffs to amend the Complaint and assert Florida law claims, their Complaint would still be fatally deficient. Accordingly, Plaintiff's Motion for Leave to File First Amended Complaint, and Motion to Vacate the Court's October 8, 1999 Order, are both **DENIED**.

Although Plaintiffs originally chose this forum, they now seem dissatisfied with it. Rather than act on their own initiative, Plaintiffs ask the Court to transfer this case to the Middle District of Florida, perhaps in the hopes that a transfer by this Court would give their case a wholly unmerited aura of viability. Nothing ap-

pears to prevent Plaintiffs from simply refiling their case in Florida. Plaintiffs do not assert that their claims are time-barred under the applicable statute of limitation, nor do Plaintiffs identify any other equitable consideration that might persuade this Court to transfer this action elsewhere. In the absence of such equitable factors, the Court sees no reason to saddle its Florida colleagues with what appears to be a moribund case. The Motion to Transfer is **DENIED.**

### Conclusion

Plaintiffs' Motion for Leave to File Plaintiff's First Amended Complaint, Motion to Vacate the Court's October 8, 1999 Order, and Motion to Transfer is **DENIED.** This case is, and remains, **DISMISSED WITHOUT PREJUDICE.** Plaintiffs are free to re-file their case in Florida or any other venue that might strike their fancy. The parties are **ORDERED** to file no further pleadings on this issue, including motions to reconsider or the like.

**IT IS SO ORDERED.**